In re MADEIROS.

LEWIS v. BILLINGS.

(District Court, D. Massachusetts.   August 3, 1914.)

No. 1009.

1. ALIENS ⬅54—DEPORTATION PROCEEDINGS—MEDICAL CERTIFICATE—JUDI-CIAL REVIEW.

The exclusion by the Immigration Department of an alien will not be interfered with by the courts, where essential justice was attained, and the medical certificates as to the alien's physical inability were not so defective that action based on them was illegal and void.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112;  Dec. Dig. ⬅54.]

2. ALIENS ⬅54—EXCLUSION—PROCEEDINGS BEFORE IMMIGRATION OFFICIALS—PREJUDICIAL ERROR.

Error in refusing the attorney of an alien, in proceedings before immigration proceedings to exclude him, to appear before officers in behalf of the alien, did not render the proceedings resulting in exclusion so unfair as to warrant the court on habeas corpus to grant relief, where the alien was excluded because of physical defects which might affect his ability to earn a living, and where his attorney was refused permission to make his argument before the immigration officers, who considered additional evidence offered by him, and where the result was clearly right under the evidence.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112;  Dec. Dig. ⬅54.]

3. HABEAS CORPUS ⬅30—GROUNDS—EXCLUSION OF ALIENS—FAIR HEARING—SUBSTANTIAL JUSTICE—REPRESENTATION BY COUNSEL.

An application by an alien, ordered deported, for habeas corpus, on the ground that by refusing to permit counsel to argue in his behalf before the board he was denied a fair hearing, should not be granted, unless he can make out a prima facie case, so that, where he was excluded because of physical defects which might affect his ability to earn a living, and the facts were not in dispute, but the only questions were the deductions therefrom, habeas corpus should not be granted.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25;  Dec. Dig. ⬅30.]

In the matter of Antonio R. Madeiros, an alien.   Habeas corpus petition by William H. Lewis against George B. Billings for the discharge of Antonio R. Madeiros.   Dismissed.

William H. Lewis, of Boston, Mass., for petitioner.

Leo A. Rogers, Asst. U. S. Atty., of Boston, Mass., for respondent.

MORTON, District Judge.   This case was heard upon the evidence contained in the record of the Immigration Department and the additional facts that Mr. Lewis, counsel for the applicant, was in attendance at the place of the hearing on March 16, 1914, requested leave to participate therein, and was not allowed to be present at the hearing or to take part therein, and upon the further agreement of parties that all proceedings in the immigration record, those subsequent to the filing of this petition as well as those prior to it, are to be considered upon the questions here involved.

[1] No one of the three medical certificates which appear in the record states explicitly and categorically that the applicant is afflicted with a defect which may impair his ability to earn a living. In re Felix Petkos, 214 Fed. 978, 131 C. C. A. 274, June 24, 1914. But I think that, fairly construed, that is what Dr. Grubb's certificate, and Dr. Safford's letter or certificate, dated February 7, 1914, mean. In proceedings of this character, in which substance rather than form, and essential justice rather than technicalities, are to be regarded, I do not think it can properly be held that the certificates were so defective that action based upon them was illegal and void.

[2] The other substantial contention urged against the action of the department is that counsel for the applicant was excluded from the hearing of March 16, 1914. It is, so far as my observation or knowledge goes, the uniform practice of all tribunals in Massachusetts to allow parties to proceedings before them to be represented by counsel. The precedent relied on by the board for not permitting applicant's counsel to be present, viz., having therefore excluded a person who desired to be present, "not as a representative of the alien being heard, merely as a matter of curiosity," does not seem to me to cover the case here presented. U. S. Commissioner's letter of March 27, 1914. Counsel for a party are not "the public," as that word is used in section 25 of the Immigration Act (Act Feb. 20, 1907, c. 1134 [Comp. St. 1913, § 4274]). The rules of the department explicitly provide for the appearance of attorneys "in behalf of detained aliens" and regulate the fees in such cases. Rule 18 of Rules of Department of Commerce and Labor Relating to Admission or Expulsion of Aliens. Assuming, however, that the board erred in excluding Mr. Lewis, it by no means follows that the petitioner is entitled to the relief prayed for.

The final question is, not whether a technical error of law was committed, but whether the proceedings as a whole amounted to a fair hearing and decision of the issues involved. It is to be observed that the point on which the witnesses for the applicant were offered, viz., that the applicant was not likely to become a public charge, was finally decided in his favor. He was excluded as a person having physical defects which may affect his ability to earn a living. Vote of March 16, 1914. The only possible injury which he could have suffered by the refusal to permit his counsel to be present was that the Board of Special Inquiry decided against him without having heard argument by his counsel, who had requested to be heard only "for the purpose of introducing evidence." Mr. Lewis' letter of March 16, 1914. The department telegram of March 11th directed merely that such additional evidence as Mr. Lewis might offer should be considered, and that was done.

[3] It seems to me, and I find, that the proceedings of the Board of Special Inquiry amounted to a fair hearing and decision of the case, that the result reached not only was proper on the evidence before the board, but was so plainly right that there is no reasonable probability it would have been different if counsel for the applicant had been allowed to be present and had been heard, and that no substantial injury was therefore done to the petitioner by the exclusion of his coun-

sel from the hearing. "A petition for habeas corpus ought not to be entertained unless the court is satisfied that the petitioner can make out a prima facie case." Holmes, J., United States v. Sing Tuck, 194 U. S. 161, 170, 24 Sup. Ct. 621, 48 L. Ed. 917.

It is true, as the petitioner contends, that he appears to have no organic disease; but it is equally true that he has serious bodily infirmities which greatly restrict the occupations which he may safely pursue. These infirmities may well have been found by the Board of Special Inquiry to be physical defects of a nature which may affect the ability of the petitioner to earn a living. In a different sort of case, where the facts were in dispute and the testimony conflicting, a denial of the right to be represented by counsel might perhaps result in such an inadequate presentation of the applicant's case as to be sufficient ground for holding that there had not been a fair hearing.

Petition dismissed.