## UNITED STATES ex rel. PETACH v. PHELPS, Immigration Officer.

## UNITED STATES ex rel. DIZAZZO v. SAME.

### Nos. 279, 280.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

the record to indicate whether the Secretary of Labor has, or has not, prescribed such duties as something to be performed by them. They were, however, public officers, who assumed to act with authority to sign these warrants. Under the statute, the power to so act could have been conferred upon them by the Secretary of Labor. Lew Shee v. Nagle (C. C. A.) 22 F.(2d) 107. In the absence of any allegation and showing to the contrary, we will take it for granted that he did so before they acted, Knox County v. Ninth National Bank, 147 U. S. 91, 97, 13 S. Ct. 267, 37 L. Ed. 93; United States v. Royer, 268 U. S. 394, 398, 45 S. Ct. 519, 69 L. Ed. 1011, and apply the familiar rule that public officials will be presumed to have the power to do the official acts they perform until he who relies on the contrary has alleged and proved it. Nofire v. United States, 164 U. S. 657, 660, 661, 17 S. Ct. 212, 41 L. Ed. 588.

The judgment in each case is affirmed.

· Wm. R. McFeeters, of St. Albans, Vt., for appellants.

Harry B. Amey, U. S. Atty., of Burlington, Vt., and Allen Martin, Asst. U. S. Atty., of Essex Junction, Vt., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

We take judicial notice of the fact that at the times when these arrest and deportation warrants were signed both Smelser and Snyder were Assistants to the Secretary of Labor, duly appointed and qualified under the Act of Congress of March 4, 1927 (5 USCA § 613a). Keyser v. Hitz, 133 U. S. 138, 10 S. Ct. 290, 33 L. Ed. 531; MacKusick v. Johnson (C. C. A.) 3 F.(2d) 398. These assistants were by the above statute empowered to "perform such duties as may be prescribed by the Secretary of Labor or required by law." There is no express statutory requirement making it their duty to sign such warrants, and there is nothing in