**CLARK, Immigration Inspector, v. ORABONA.**

No. 2664.

Circuit Court of Appeals, First Circuit.

May 31, 1932.

George R. Beane, Asst. U. S. Atty., of Providence, R. I. (Henry M. Boss, Jr., U. S. Atty., of Providence, R. I., on the brief), for appellant.

Benjamin Cianciarulo, of Providence, R. I., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from an order of the District Court of Rhode Island granting a writ of habeas corpus on the petition of the appellee, who is an alien, and who had been ordered deported under section 19, c. 29, 39 Stat. 889 (8 USCA § 155), on the ground that after his entry into this country he had been sentenced more than once because of a conviction for a crime involving moral turpitude.

The part of section 19 of chapter 29, 39 Stat. 889 (8 USCA § 155), applicable to this case is as follows:

"Any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

The petitioner was born in Italy in 1903 and came to this country with his parents in 1911. In 1922 he became involved in a brawl in a pool room and guns were drawn. The petitioner fired several shots. As the result of his shooting two men were severely wounded and he was indicted under two indictments for assault with intent to murder, to each of which indictments he pleaded nolo contendere. Under one indictment he was sentenced to serve four and one-half years in the state prison. Under the other indict-

188

ment he was granted a deferred sentence. Three years later (1925) he was released on parole, and in 1927 he again became involved in a shooting affair and was twice indicted for an assault with intent to murder, but upon trial on one of the indictments was acquitted. The other indictment is still pending.

The judge who heard the evidence, however, evidently satisfied that the petitioner had violated his parole, or whatever the arrangement was by which his sentence was deferred on one of the indictments in 1922, immediately imposed the deferred sentence and ordered him committed to the state prison for a term of seven years. His release on parole was again granted by the Parole Board of the State of Rhode Island on May 28, 1931.

As a result of the two sentences the Commissioner of Labor under section 19 of chapter 29, above quoted, ordered the alien deported; but upon petition for writ of habeas corpus the District Judge ordered the writ to issue.

█ The two sentences imposed upon the petitioner bring him clearly within the provisions of the deportation statute, if the literal interpretation of the statute is to govern. The only ground for giving any other construction to the statute is that Congress must have had in mind as a condition of deportation after the five-year period two separate and distinct acts involving moral turpitude and occurring at separate times.

That an assault with intent to murder involves moral turpitude requires no comment.

The courts in several cases have construed this provision of section 19 here involved. In Johnson v. United States ex rel. Pepe, 28 F. (2d) 810, 811, where the alien was indicted for charges of statutory arson laid in nine counts, but committed on different dates and at different buildings, and the alien was sentenced upon four of the counts, the sentences to run consecutively, the Circuit Court of Appeals for the Second Circuit held that the alien was liable to deportation and said: "In its natural and reasonable meaning 'sentenced more than once to such a term of imprisonment' refers to the number of separate crimes *for which sentences are imposed,* not to the form of the indictment or the procedure of a single trial." (Italics supplied.)

In Nishimoto v. Nagle (C. C. A.) 44 F. (2d) 304, 306, where the alien was convicted of issuing a series of bad checks, each of which constituted a felony under the Cali-

fornia Code, and was sentenced on separate counts the sentences to run concurrently, which the alien claimed was only one sentence, the court said:

"It will be observed that the statute does not limit the power of deportation to a second conviction, but is based upon the commission of a number of offenses for which the alien has been sentenced. The form of the sentence is obviously of no consequence. The purpose of Congress undoubtedly was to provide for the deportation of a man who committed more than one offense involving moral turpitude for which he had been convicted *and upon which conviction and sentence has been imposed;* whether the sentence run concurrently or consecutively is entirely immaterial from the standpoint of the purpose of the law. The section providing for deportation by reason of such a sentence contains a proviso which authorizes the judge imposing the sentence to provide that the alien shall not be deported in pursuance of the act. If, therefore, it was the purpose of the judge imposing the sentence to avoid the consequences otherwise resulting from a cumulative sentence, it could have been done by an express proviso relieving the alien from deportation." (Italics supplied.)

In Opolich v. Fluckey, 47 F.(2d) 950, a District Court in Georgia, where the sentences, upon conviction on several counts, were concurrent, declined to follow Johnson v. United States ex rel. Pepe (C. C. A.) 28 F.(2d) 810 (in the latter case the sentences run consecutively), but used this language in closing: "It seems to me that Congress has not made the test of deportation after five years of residence the conviction of one or more crimes, *but the fact that one has been more than once sentenced for such crimes.*" (Italics supplied.)

In the Second Circuit in United States ex rel. Mignozzi v. Day, 51 F.(2d) 1019, which was a case where the alien was indicted under two indictments, one for possession and the other for passing counterfeit money, he was sentenced on both, the sentences to run concurrently. While adhering to its opinion in Johnson v. United States ex rel. Pepe, the court held that where the sentences were to run concurrently, it was one sentence within the purview of section 19 of chapter 29, 39 Stat. 889 (8 USCA § 155), and the alien could not be deported. Judge Chase, however, dissented to the view, but without an opinion.

The most recent case under this provision of the statute is that of Tassari v. Schmuck-

er, 53 F.(2d) 570, in the Fourth Circuit, where the alien was indicted for separate offenses and sentenced on each, the sentences to run concurrently. The case differs from the case of United States ex rel. Mignozzi v. Day, supra, in that the offenses did not grow out of a single act, but were the result of acts committed at different times. The court in the Fourth Circuit, however, preferred to follow the reasoning in the case of Johnson v. United States ex rel. Pepe, and quoted approvingly that part of the opinion in that case quoted above.

There is no evidence that the offenses for which this alien was sentenced, though occurring during the same brawl, were not the result of separate voluntary acts. He was properly indicted and sentenced for separate offenses. There is here, therefore, a literal compliance with the conditions of the statute, viz., that he had been twice sentenced and for separate offenses, each involving moral turpitude.

We have found no case, and none has been called to our attention, where, upon the same state of facts as exist in this case, a conclusion contrary to that at which we have arrived has been reached by any appellate court.

There may be some force as a matter of policy in the comments of the District Court in this case and of the court in the case of United States ex rel. Mignozzi v. Day, supra, where the alien came here when young, and, as suggested, his training has been under the conditions we have provided; and he no longer has any contact with or relatives in his native country, and perhaps has a family here. It seems to us that such considerations are for Congress. No such exception is found in the statute, nor any reference to such conditions. Congress, however, has provided that the alien shall not be deported, provided the judge sentencing shall, after due notice to the State Department, recommend that the alien shall not by reason of the sentence be deported in pursuance of the act. No such recommendation was given in this case. We are of the opinion that the plain language of the act was intended to be followed unless a recommendation to the contrary is made. The courts cannot read something into and contrary to the unequivocal language of a statute, because some hardship may result to a violator of the law or to his family, especially where action could have been taken that might have avoided the resulting hardship, but was not taken. Whether proceedings to this effect could be initiated by the alien is

immaterial. It does not appear that in this case any such request was presented for the consideration of the judge imposing the second sentence.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to enter an order discharging the writ and remanding the petitioner to the custody of the Immigration Inspector.