**ANDERSON v. ROHRER et al.**

District Court, S. D. Florida, Jacksonville Division.

May 15, 1933.

Herbert L. Anderson, of Jacksonville, Fla., in pro per.

Wilburn P. Hughes, of Jacksonville, Fla., in pro per.

STRUM, District Judge.

In an action at law, plaintiff's declaration charges that defendants, including Wilburn P. Hughes, did "conspire, combine and confederate together" to falsely procure plaintiff to be charged with an offense against the laws of the United States, and that in pursuance thereof said defendants did cause a warrant to be issued against the plaintiff charging such offense, and caused the plaintiff to be brought before the United States commissioner for a hearing thereon, the result of which was that plaintiff was discharged for lack of probable cause; and that thereafter the said defendants did maliciously procure the finding of a false indictment against the plaintiff, by a grand jury of this court, charging the same offense, which said indictment was thereafter quashed by the court upon the sole ground that there was no evidence to warrant the return thereof by the grand jury; and that defendants thereafter caused an appeal to be entered by the United States from said judgment, which appeal was subsequently dismissed.

Plaintiff claims damages for alleged injuries resulting from such acts on the part of the defendants.

The defendant Wilburn P. Hughes demurred to the declaration, which demurrer is now before the court for consideration.

The court takes judicial notice that the defendant Wilburn P. Hughes, upon all the dates in question, was the duly appointed, qualified, and acting district attorney for the Southern District of Florida, and that the several acts complained of were not, within themselves, manifestly nor palpably beyond the authority of that office.

Plaintiff alleges, however, that such acts were maliciously and corruptly done, which, plaintiff argues, discloses a perversion of that office, which strips the defendant of immunity as a public officer. A complete answer to this contention is found in Spalding v. Vilas, 161 U. S. 483, 16 S. Ct. 631, 635, 40 L. Ed. 780, in which the rule is settled that a public officer is not liable for instituting a prosecution, although he acts with malice and without probable cause, provided the matters acted upon are amongst those generally committed by law to the control or supervision of the office in question and are not manifestly or palpably beyond the authority of such office. The pivotal question in that case was whether the action could be maintained "because of

the allegation that what that officer did was done maliciously." There, as here, the question arose on demurrer to the declaration in a jurisdiction where common-law practice prevails.

The opinion in Spalding v. Vilas reviews many cases holding that official acts, including the institution of prosecutions, not manifestly or palpably beyond the authority of the office, are not actionable even though the officer acted with mala fides, or with actual malice, or without any reasonable or probable cause, or with knowledge of the falsity of his acts. The opinion concludes with this sentence which is controlling upon the demurrer now before the court: "If we were to hold that the demurrer admitted, for the purposes of the trial, that the defendant [officer] acted maliciously, that could not change the law." See, also, Yaselli v. Goff (C. C. A.) 12 F.(2d) 396, 56 A. L. R. 1239; Mellon v. Brewer, 57 App. D. C. 126, 18 F.(2d) 168, 53 A. L. R. 1519; United States ex rel. Dizazzo v. Phelps (C. C. A.) 40 F.(2d) 500; Catlett v. Chestnut (Fla.) 146 So. 517 (on demurrer to declaration); Semmes v. Collins, 120 Miss. 265, 82 So. 145, 146; Mundy v. McDonald, 216 Mich. 444, 185 N. W. 877, 880, 20 A. L. R. 398; 18 C. J. 1318.

The United States District Attorney is within the rule of immunity for official acts just stated, even though he acted maliciously, where his acts are not manifestly or palpably beyond the functions of his office. Yaselli v. Goff, supra.

The demurrer, therefore, is sustained.