DENGELESKI ex rel. SACCARDIO v. TIL-LINGHAST, Commissioner of Immigration.

No. 2801.

Circuit Court of Appeals, First Circuit.

May 23, 1933.

---

J. Paul Keefe, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a judgment of the District Court of Massachusetts dismissing a petition for a writ of habeas corpus.

The appellant, who is an alien and who has been ordered deported by the Secretary of Labor, contends that the District Court erred in denying his petition for the writ, because the action of the immigration authorities was arbitrary and unreasonable in that he was denied the right to be represented by counsel at the hearings before an immigration inspector.

The alien entered this country from Italy in September, 1920. He was arrested several times prior to 1930 for minor offenses. In June, 1930, he was indicted and convicted for assisting in the management and control of a house of prostitution, and sentenced to hard labor in the Massachusetts State Prison for not less than two and one-half years and not more than three years.

Under section 19 of the Act of February 5, 1917, relating to deportation of aliens (title 8, USCA § 155), an alien who shall be found to be "connected with the management of a house of prostitution," or "who manages or is employed by, in, or in connection with any house of prostitution," shall be deported. The record of the petitioner's conviction and sentence by the state court discloses beyond peradventure that he was liable to be deported under this section.

Following his sentence and an investigation, the inspector of immigration reported to the Commissioner of Immigration that the petitioner was subject to deportation under the section of the statute above cited. A warrant for his arrest was then issued from the Department of Labor, and a hearing ordered that the appellant might show cause why he should not be deported.

An inspector of immigration on March 27, 1931, under the warrant took the alien into custody at the state prison in Charlestown where he was detained under his sentence by the state court, and before proceeding to a hearing notified the alien that he was entitled to have counsel present to represent him. The alien replied that he desired counsel, whereupon the inspector told him to communicate with his counsel and have him arrange with the immigation office for a time for a hearing.

Three months later, or on June 29, 1931, the inspector went to the Massachusetts State Prison at Norfolk where the alien was then detained, and informed the alien that, since nothing had been heard from any counsel representing him, the government would proceed with the hearing. The alien stated that he had requested an attorney to call at the immigration office, but, if made, it appeared that the attorney named had not complied with the request of the alien.

He was then informed that the inspector would proceed with the hearing and did so without protest from the alien or further request for counsel.

While in all cases opportunity should be given an alien to have counsel present if he desires, this is not a case where the facts on which deportation is authorized were in issue, and a cross-examination of witnesses might have brought out facts tending to show that the alien was not within the provisions of section 19 of the act. The identity of the alien with the party named in the indictment being admitted, the record of the state court could not be attacked in these proceedings,

and alone established the necessary grounds for the issuance of a warrant of deportation.

No claim is made that the alien is not liable to deportation under the statute, or that the alien had evidence in his behalf that he was not allowed to present, or that his rights were in fact jeopardized by the absence of counsel.

If the procedure outlined in Chin Yow v. United States, 208 U. S. 8, 13, 28 S. Ct. 201, 52 L. Ed. 369; Whitfield v. Hanges et al. (C. C. A.) 222 F. 745, had been followed and the writ issued and a hearing had on the merits at which counsel were present, we see no possibility of a different result. United States v. Sing Tuck, 194 U. S. 161, 170, 24 S. Ct. 621, 48 L. Ed. 917; In re Madeiros (D. C.) 225 F. 90.

The alien having been given, in compliance with paragraph 2 of rule 19 of the Department of Labor relating to warrant of arrest and hearing, an opportunity to communicate with counsel in order to arrange for a date of hearing at which counsel could be present, but counsel, after three months, failed or neglected to see or communicate with the immigration officials, and inasmuch as it does not appear that the rights of the alien were in any way jeopardized by the absence of counsel, we think the District Court was right in holding that there was no error of law in the procedure followed by the immigration officer or the Department of Labor.

The decree of the District Court is affirmed.