## UNITED STATES ex rel. GOULD v. UHL, Acting Commissioner of Immigration.

District Court, S. D. New York.

April 21, 1934.

Pinto & Marcantonio, of New York City, for George Angeloni.

Martin Conboy, United States Attorney, for the United States. (Irvin C. Ritter, Asst. U. S. Attorney).

CAFFEY, District Judge.

On June 20, 1932, a warrant for the arrest of the alien was issued on charges of entering the United States as a stowaway and not possessing an unexpired immigration visa at the time of entry. Hearings thereon were held July 30 and September 30, 1932. There was adequate evidence to sustain findings of guilt.

The petition for the writ alleges that the charge on which the deportation hearings were held was that the alien had been convicted of a crime involving moral turpitude within five years after entering the United States, for which he had been sentenced for one year or more; also that he had been in the United States for more than five years preceding the conviction. It appears without dispute that the conviction—which was in this court for forging a United States passport and conspiring so to do—was in July, 1932, and that the sentence was two years.

The only dispute in the evidence is as to the date of entry. There was ample evidence to warrant the Labor Department in finding that the entry was subsequent to March 31, 1930.

At the oral argument on the 17th instant and in the brief of the alien's present counsel, the allegations of the petition were completely abandoned. The criticism of the deportation warrant is now confined solely to the claim that the alien was deprived of opportunity to be represented by counsel at the hearings. Although this phase of the matter was not mentioned in the petition, I have examined the record concerning it.

The proof is conclusive that during the period covered by the hearings the alien, at different times, had two lawyers. Although both were seasonably informed of the time and place of hearing, neither ever appeared. In advance of the September 30 hearing the second lawyer advised the Immigration Service that he would not attend any hearing unless it were postponed until after the alien had completed service of his two years' sentence on the conviction in this court.

The position taken by the alien's lawyer was wholly arbitrary. The Labor Department was entirely justified in proceeding, without abdicating its function of prescribing the date when it should act. In no sense, therefore, can it be said that the alien was deprived of the right to be represented by counsel at the hearings. Cf. Dengeleski v. Tillinghast (C. C. A.) 65 F.(2d) 440. Moreover, the hearings were in all respects fair.

Writ dismissed.