## PONZI v. WARD, Commissioner.
### No. 5201.

District Court, D. Massachusetts.
July 30, 1934.

Peter Maggio, of Everett, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur J. B. Cartier, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is a petition for a writ of habeas corpus heard upon the merits before writ issued. By agreement of parties, it was submitted upon the record in the Immigration Bureau.

The petitioner is held upon a deportation warrant issued September 28, 1927. The reason for the delay in executing the warrant is due to the fact that the petitioner has only recently been released from state prison, after serving a sentence imposed by the state court. The deportation warrant was issued upon two grounds:

(1) That the alien had been sentenced subsequent to May 1, 1917, to imprisonment more than once to a term of one year or more for the commission, subsequent to his entry, of a crime involving moral turpitude, to wit, unlawfully using the mails in schemes to defraud, and a common and notorious thief.

(2) That he has been convicted or admits the commission of a felony or other crime or misdemeanor involving moral turpitude, to wit, forgery, prior to his entry into the United States.

There is no serious dispute about the facts of the case. It appears that on the 30th day of November, 1920, upon an indictment charging the petitioner with the unlawful use of the mails in schemes to defraud, this court sentenced him to five years' imprisonment in Plymouth County House of Correction. In 1925 he was found guilty of larceny upon indictments returned in the state court, and was adjudged by the court a common and notorious thief and sentenced to state prison for a term of seven to nine years. The execution of this sentence was stayed until February 15, 1927, when the stay was revoked and the sentence imposed. The last entry of the alien into the United States was on July 30, 1910, and the record discloses that in 1908, in Canada, he was convicted and sentenced for three years in a penitentiary at Montreal for the crime of forgery.

The statute upon which the authorities have proceeded in ordering the deportation is section 19 of the Immigration Act of February 5, 1917 (USCA, tit. 8, § 155). In substance it provides that an alien who is hereafter sentenced more than once to imprisonment for a term of one year or more, because of conviction in this country of a crime involving moral turpitude committed at any time after entry, and any alien who is convicted or who admits the commission prior to entry of a felony or other crime or misdemeanor involving moral turpitude, may be deported.

The petitioner attacks the validity of the deportation proceedings on several grounds: (1) That he has not been sentenced more than once within the meaning of the statute; (2) that his crimes do not involve moral turpitude; (3) that he was denied a fair hearing; (4) that the warrant was not properly signed; (5) that the warrant had lapsed; (6) that the sentences contemplated by the statute must both be imposed by the federal court.

■ None of these objections can be sustained. Concerning the first objection, it is important to note that the statute only requires that the alien shall be sentenced more than once for the requisite term. There can be no doubt that Ponzi was sentenced more than once for separate and distinct crimes. The sentences were imposed by different tribunals. None of the cases cited by the petitioner in his brief approaches the case at bar on the facts. On the contrary, there is abundant authority, in this circuit and elsewhere, that the petitioner was sentenced more than once within the purview of the statute. Clark v. Orabona (C. C. A.) 59 F.(2d) 187; Johnson v. United States ex rel. Pepe (C. C. A.) 28 F.(2d) 810; Nishimoto v. Nagle (C. C. A.) 44 F.(2d) 304; Tassari v. Schmucker (C. C. A.) 53 F.(2d) 570.

In United States v. Lanza, 260 U. S. 377, 43 S. Ct. 141, 67 L. Ed. 314, the Supreme Court decided that conviction and punishment in the state court under the state law for a liquor violation did not prevent prosecution in the United States court for violating the National Prohibition Act (27 USCA), even though both offenses grew out of the same transaction.

The second objection is that the crimes for which the alien was sentenced did not involve moral turpitude. Three crimes are involved, namely, the offense of larceny, offense of forgery, and using the mails in schemes to defraud.

As to the first crime, the matter is disposed of by Tillinghast v. Edmead (C. C. A.) 31 F.(2d) 81, a case in this circuit which held that larceny of a relatively small sum of money involved moral turpitude. To the same effect are United States ex rel. Parenti v. Martineau (D. C.) 50 F.(2d) 902; United States ex rel. Ulrich v. Kellogg, 58 App. D. C. 360, 30 F.(2d) 984, 71 A. L. R. 1210.

The crime of forgery has been held to involve moral turpitude. United States ex rel.

738

Robinson v. Day, Com'r (C. C. A.) 51 F.(2d) 1022.

■ Crimes involving a fraud are crimes which the courts have looked upon as involving moral turpitude within the meaning of the statute. Tassari v. Schmucker, supra; Nishimoto v. Nagle, supra.

■ If this were a case of first impression, I should have no hesitation in holding that the use of the mails in any scheme to defraud as far-reaching as Ponzi's, which left in its wake such a large number of victims, would amount to a crime which, of necessity, involved moral turpitude.

■ As to the third objection, from a careful examination of the records in the Immigration Department, it is readily seen that the petitioner was accorded a full and fair hearing before the warrant of deportation issued. At these hearings he was represented by able counsel. The hearings were conducted upon a warrant which assigned only the one ground that he had been convicted, prior to entry into the United States, of a crime involving moral turpitude. Later, and before the warrant of deportation issued, the hearing was reopened in order that he might be apprised of the additional ground for deportation arising from the sentence imposed in the state court. At this hearing Ponzi was not represented by counsel, but he stated that he did not desire to have any counsel or any hearing, and he refused to answer questions submitted. Nothing happened at this second hearing that could in any way have placed his rights in jeopardy. The additional facts upon which deportation was to be ordered were not in issue. Under these circumstances, the absence of counsel did not render the hearing unfair. Dengeleski ex rel. Saccardio v. Tillinghast (C. C. A.) 65 F. (2d) 440; In re Madeiros (D. C.) 225 F. 90; United States v. Sing Tuck, 194 U. S. 161, 170, 24 S. Ct. 621, 48 L. Ed. 917.

■ As to the fourth objection, which relates to the sufficiency of the signature on the warrant, it appears to have been signed by an assistant to the Secretary of Labor whose authority to sign warrants has been in other cases upheld by the courts. United States ex rel. Petach v. Phelps (C. C. A.) 40 F.(2d) 500; Lew Shee v. Nagle (C. C. A.) 22 F. (2d) 107.

■ Referring to the fifth and sixth objections, there is no merit in the contention of the alien that the deportation could not lawfully be made upon a warrant issued in 1927.

It was issued in due course after hearings and after review by a Board of Review. The incarceration of the alien prevented an earlier execution of the warrant. The Department acted with reasonable dispatch as soon as Ponzi was released from the state prison. The last point made by Ponzi, that the two crimes must be federal crimes, is so obviously against the established rule that it may be dismissed without consideration.

The petition for the writ is denied.