RESTIVO v. CLARK, United States Immigration Inspector.

No. 3210.

Circuit Court of Appeals, First Circuit.

June 1, 1937.

848

McKiernan, McElroy & Going and Edward F. McElroy, all of Providence, R. I. (Cornelius F. Keating, of Boston, Mass., on the brief), for appellant.

George F. Troy, Asst. U. S. Atty., of Providence, R. I. (J. Howard McGrath, U. S. Atty., of Providence, R. I., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an order or judgment of the federal District Court for Rhode Island in a habeas corpus proceeding denying the writ and remanding the petitioner to the custody of the immigration authorities.

It appears that the petitioner is an alien, born in Italy, who came to this country with his father and mother when nine months old, and landed at New York May 1, 1904; that on September 9, 1919, he was arrested for breaking and entering and larceny, found guilty, and, his sentence being deferred, on January 10, 1920, was sentenced in the Superior Court of Rhode Island to imprisonment for one year, which he served; that on January 4, 1920, he was again arrested for assault and robbery, later changed to assault with intent to rob, found guilty, and, sentence being deferred, on October 24, 1921, was sentenced by the same court to five years' imprisonment in the Rhode Island State Prison, which he served; and that on December 28, 1930, he was again arrested for violation of the White Slave Traffic Act (18 U.S.C.A. §§ 397–404), found guilty, and, on January 7, 1931, was sentenced in the federal District Court for Rhode Island to imprisonment for a year and a day in the Atlanta Penitentiary, and, having served ten months of that sentence, was released for good behaviour; that, upon the expiration of that sentence, he was taken on a warrant of arrest issued by the immigration authorities, and, having been given a hearing before Immigration Inspector F. E. Boerner at the immigration station at Atlanta, was released on an appearance bond in the sum of $3000.

The proofs taken at the hearing before the Immigration Inspector at Atlanta having been submitted to P. F. Snyder, Assistant Secretary of Labor, a warrant of deportation dated June 17, 1931, was issued by him reading as follows:

"Warrant—Deportation of Alien

"United States of America Department of Labor

"No. 1130/150 Washington

"No. 55721/516

"District Director of Immigration, Atlanta, Georgia,

"To: Commissioner of Immigration, Ellis Island, N. Y. H., or to any Officer or Employee of the United States Immigration Service.

"Whereas, from proofs submitted to me, Assistant to the Secretary, after due hearing before Immigrant Inspector F. E. Boerner, held at Atlanta, Ga., I have become satisfied that the alien Mario Restiva or Restivo alias Marty Russell, alias Manuel Restivo, who landed at the port of New York, N. Y. H., on or about the last day of May, 1904, has been found in the United States in violation of the immigration act of February 5, 1917, to wit: That he has been sentenced, subsequent to May 1, 1917, to imprisonment, more than once, for a term of one year or more, for the commission subsequent to his entry of a crime involving moral turpitude, to wit: Breaking and entering shop in the night time, and larceny; assault with intent to rob; and conspiracy to violate the White Slave Traffic Act, and may be deported in accordance therewith; I, P. F. Snyder, Assistant to the Secretary of Labor, by virtue of the power and authority vested in me by the laws of the United States, do hereby command you to return the said alien to Italy the country whence he came, at the expense of the appropriation 'Expenses of Regulating Immigration, 1931,' including the expenses of an attendant, if necessary. Execution of this warrant should be deferred until such time as the alien is released from imprisonment.

"For so doing, this shall be your sufficient warrant.

"Witness my hand and seal this 17th day of June, 1931.

"P. F. Snyder,

"Assistant to the Secretary of Labor."

It further appears that in May, 1932, the petitioner received notice from the immigration authorities to report at Ellis Island, N. Y., for deportation the first week in June, 1932; that he went there as ordered; that while there he was informed of an order of W. N. Doak, then Secretary of Labor, issued June 1, 1932, reading as follows:

"June 1, 1932.

"In the case of Mario Restiva or Restivo alias Marty Russell, alias Manuel Restivo.

"It is ordered that the outstanding bond be cancelled, and deportation be stayed indefinitely.

"W. N. Doak, Secretary."

Thereupon the appearance bond was canceled and the petitioner was permitted to return to Providence. Mr. Doak's service as Secretary of Labor expired March 4, 1933, due to a change of administration, without further action having been taken by him with reference to the execution of the order of deportation contained in the warrant of June 17, 1931.

In February or March, 1936, the deportation proceedings concerning the petitioner were brought to the attention of the Board of Review in Washington, and that Board, on March 4, 1936, made a report of its investigation to Turner W. Battle, the then Assistant Secretary of Labor, in which it recommended that the deportation of the petitioner be proceeded with at the earliest practicable opportunity; and the Assistant Secretary of Labor so ordered. The report and order are as follows:

"Further consideration Warrant Proceedings.

"The case of this alien was first considered on June 17, 1931, at which time he was ordered deported to Italy, on the ground that subsequent to May 1, 1917, he had been sentenced more than once to imprisonment for a term of one year, or more, for the commission subsequent to his entry of a crime involving moral turpitude, to wit: Breaking and entering shop in the night time, and larceny; assault with intent to rob; and conspiracy to violate the White Slave Traffic Act.

"He was subsequently released upon an appearance bond, in the sum of $3,000.00. Various pretexts were resorted to thereafter to delay deportation, and on June 1, 1932, an order was entered over the personal signature of the then Secretary of Labor that the outstanding bond be can-

celled, and deportation be stayed indefinitely. No reason was given for this action.

"On December 11, 1935, the District Director at Jacksonville, advised that an Italian passport had been issued, with which to deport this alien, and that he was then being held at Ellis Island. Instructions were requested. There is nothing in the record which would give any reason why deportation in the case of this alien should be further delayed. It is therefore recommended that deportation be proceeded with at the earliest practicable opportunity.

"L. Paul Winning,

"Chairman of the Board of Review.

"So ordered

"Turner W. Battle, Assistant to the Secretary.

"(Countersigned) T. W. Shoemaker, Deputy Commissioner."

The Assistant Secretary of Labor, Turner W. Battle, having ordered that the deportation of the petitioner be proceeded with, W. W. Brown, Assistant Commissioner of Immigration, on March 25, 1936, addressed a communication to the District Director of Immigration at East Boston, reading as follows:

"With reference to your letter of February 8, 1936, you are informed that the case of Mario Restiva or Restivo, alias Marty Russell, alias Manuel Restivo, your file No. 361–874, has been reviewed and nothing was found in the record which would give any reason why deportation of this alien should be further delayed. The Department directs the deportation be proceeded with at the earliest practicable opportunity in accordance with the terms of the outstanding Warrant, issued under date of June 17, 1931. By direction of the Commission,

"W. W. Brown, Assistant."

And thereafter the respondent Clark, immigration inspector, acting under the warrant of deportation of June 17, 1931, took the petitioner into custody, and was holding him for deportation when this habeas corpus petition was brought.

The portions of section 19 of the Immigration Act of February 5, 1917, under which these proceedings were had (39 Stat. 889, 8 U.S.C.A. § 155), and so far as material in this case, read as follows:

"* * * any alien who, after February 5, 1917 * * * is sentenced more than once to such a term of imprisonment [for a term of one year or more] because of conviction in this country of any crime involving moral turpitude, committed at any time after entry; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * In every case where any person is ordered deported from the United States under the provisions of this subchapter, or of any law or treaty, the decision of the Secretary of Labor shall be final."

In his assignments of error, the petitioner complains that the court erred (1) in denying the writ of habeas corpus; (2) in holding that the warrant dated June 17, 1931, was in full force and effect; (3) in holding that the petitioner was lawfully detained by the warrant of deportation dated June 17, 1931; (4) in holding that the convictions of the petitioner in the state of Rhode Island were a proper basis for the issuance of the warrant of deportation; and (5) in denying petitioner's motion that the warrant was void and of no effect.

Assignments of error 1, 2, 3, and 5 are the only assignments argued and presented for consideration by this court, the fourth one being waived.

The petitioner's contention under these assignments of error is that the deportation warrant dated June 17, 1931, at the time he was taken into the custody of the respondent Clark for deportation, was functus officio: (1) Because it was revoked and canceled on June 1, 1932, by the order of Secretary Doak of that date; (2) that as nothing was done during the term of Secretary Doak after the issuance of the order of June 1, 1932, that stay order was the final decision of the Secretary of Labor referred to in section 19 of the Act of February 5, 1917, and his successor, the present Secretary of Labor, was without authority to review the deportation proceedings and order that deportation be proceeded with.

There is no contention that the Assistant Secretary of Labor (Snyder) was without authority to issue the warrant of June 17, 1931, and no such contention, if made, could avail the petitioner. See Lew Shee v. Nagle (C.C.A.) 22 F.(2d) 107; United States, on Petition of Rocco v. Karnuth (C.C.A.) 31 F.(2d) 1022, certiorari denied 280 U.S. 570, 50 S.Ct. 28, 74 L.Ed. 623. Neither do we think that the order of Secretary Doak of June 1, 1932, was a revocation or cancellation of the deportation warrant of June 17, 1931, or the or-

der of deportation therein contained. The order of June 1, 1932, canceled the outstanding appearance bond; that bond was conditioned upon the surrender of the alien for deportation when called upon so to do. The condition of the bond was fulfilled when the petitioner surrendered himself at Ellis Island for deportation as directed, and under the circumstances little else could have been done than to cancel the bond. But the order of June 1, 1932, neither revoked nor canceled the warrant of deportation or the order of deportation which it contained. It simply stayed the execution of that order. The warrant and order of deportation did not cease to exist by reason of anything stated in the order of June 1, 1932.

 Then, again, the order of June 1, 1932, was not the final decision of the Secretary of Labor referred to in section 19 of the Act of February 5, 1917. The decision there spoken of is the decision of, the Secretary of Labor that the petitioner, after February 5, 1917, had been sentenced more than once to a term of imprisonment for a year or more because of conviction in this country of crimes involving moral turpitude committed after his entry into the country. Upon such final decision the statute is imperative that the alien (here the petitioner) "shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." And, such being the case, all that the order of June 1, 1932, operated to effect was a stay of the execution of the order of deportation.

The fact that Mr. Doak ceased to be Secretary of Labor on March 4, 1933, did not affect the warrant and order of deportation. The office of Secretary of Labor still continued, and the person holding that office in the new administration was not without authority, after investigation, as was here had, to put an end to the stay and direct that the deportation order be executed. This was done when the Assistant Secretary of Labor on March 4, 1936, ordered the deportation of the petitioner should be proceeded with at the earliest practicable opportunity. The letter of March 25, 1936, of W. W. Brown, Assistant Commissioner of Immigration, was but a step taken by the Immigration Department in carrying out the order of the Assistant Secretary of Labor of March 4, 1936.

The petitioner, under his assignments of error, also contends that his deportation was barred by laches, due to the delay in executing the deportation order. This question was not raised in the District Court. The record does not show what was the occasion of the delay, or of the stay order of Secretary Doak. If the question had been raised in the court below, evidence might have been introduced showing that it was brought about by the petitioner, or something rendering it inexpedient to execute the deportation order at an earlier date. To the extent that the delay was due to the stay order, the petitioner cannot complain, for his appearance bond was canceled and he was permitted to depart from Ellis Island and was at liberty to go where he saw fit without restraint. Furthermore, as stated in Chase v. Chase, 20 R.I. 202, 37 A. 804, 805: "Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. * * * [such as] loss of evidence, change of title, intervention of equities," etc. Surely there is nothing in this case showing that the delay in deporting the petitioner worked a disadvantage to him. If anything he profited by it.

The order or judgment of the District Court is affirmed.