**FARRELL v. HALE, State Police Officer, et al.**

No. 3238.

Circuit Court of Appeals, First Circuit.

Nov. 9, 1937.

J. C. Johnston, of Boston, Mass., for appellant.

Sylvester E. Hevers, Asst. Dist. Atty., of Albany, N. Y. (Paul A. Dever, Atty. Gen., and James J. Bacigalupo, Asst. Atty. Gen., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

On January 11, 1937, the appellant brought this petition for a writ of habeas corpus in the Federal District Court for Massachusetts. The petition was dismissed and the writ denied. He then appealed.

It appears that the petitioner was arrested in Massachusetts on January 11, 1937, upon a warrant issued on the 6th day of January, 1937, by the then Governor of the state, James M. Curley, in response to a demand made upon him by the Acting Governor of the State of New York for the rendition of the petitioner to that state to answer to an indictment charging him with having committed there the crime of

grand larceny and alleging that he was a fugitive from the justice of that state.

Two questions are presented for our consideration. The first is whether the petitioner, at the time of his arrest on the rendition warrant of the Governor of Massachusetts, was a fugitive from the justice of the State of New York. The second is whether the warrant of the Governor of Massachusetts, issued January 6, 1937, was functus officio on January 11, 1937, when it was served on the petitioner; Mr. Curley at that time having ceased to be the Governor of Massachusetts, as his term of office expired the day following the issuance of the warrant.

■ As to the first question the contention of the petitioner is that he did not leave the State of New York voluntarily, but against his will and under duress. As to this question it does not appear that the Governor of Massachusetts had made a demand on the Governor of New York for the return of the petitioner to Massachusetts or that the Governor of New York had issued a warrant for the arrest of the petitioner and his return to Massachusetts. Neither does it appear how the petitioner came to be arrested by the officers of New York City, although it may be surmised that it was in the expectation that a demand was about to be made by the Governor of Massachusetts for his rendition. But, so far as the record shows, no demand was ever made upon the Governor of New York requesting the petitioner's return to Massachusetts. All that appears is that the petitioner, while in New York City, was taken into custody by a police officer of that city; that upon the arrival in New York of Timothy Collins, a police officer of Massachusetts, the petitioner was taken by the officer in whose custody he was before a judge of the Court of General Sessions of the County of New York and informed "of his right to the issuance and service of a requisition and warrant and of his right to a hearing either on the return of a writ of habeas corpus or a summary hearing as provided for in section 827 of the Code of Criminal Procedure" of New York; and that, in the presence of the court, he thereupon, voluntarily, and not by reason of threats or undue influence on the part of any person or persons whatsoever, waived the issuance and service of a warrant of rendition and consented to return to the State of Massachusetts in the custody of Timothy Collins, the Massachusetts officer; and that, thereafter, he returned to Massachusetts in the custody of Collins.

It thus appears that the petitioner was not removed to Massachusetts by virtue of any warrant of the Governor of New York, or by virtue of any authority of the State of Massachusetts, for Collins, certainly, as an officer of Massachusetts, possessed no official authority while in New York or on his way through Connecticut to Massachusetts, and the petitioner's return, under the facts stated, must be regarded as voluntary and without compulsion of legal process, either on the part of the State of New York or the State of Massachusetts.

It, therefore, could be found that, at the time the demand of the Acting Governor of New York was made, the petitioner was a fugitive from the justice of the State of New York, he having been indicted in the County of Saratoga and State of New York in April, 1934, prior to his voluntary departure for Massachusetts as above stated.

Prior to his return to Massachusetts he had not been taken into custody on the indictment found against him in the County of Saratoga, and there is no evidence in the case that the police officers of the City of New York knew or had ever heard of the existence of the Saratoga County indictment. Had he been held on the Saratoga indictment at the time he was permitted to return to the State of Massachusetts, a question would have been presented not now necessary for our consideration.

■ The remaining question is whether the requisition warrant of the Governor of Massachusetts was functus officio at the time of the petitioner's arrest, the Governor who issued it having gone out of office the day following its issuance.

Governor Curley, at the time he issued the warrant for the arrest and return of the petitioner to New York, did not act as an individual but in his official character. As said in Taylor v. Taintor, 16 Wall. 366, 370, 21 L.Ed. 287: "In such cases the governor acts in his official character, and represents the sovereignty of the State in giving efficacy to the Constitution of the United States and the law of Congress." As representative of the state he had jurisdiction and authority to issue the warrant, and its validity did not cease to exist from the mere fact that he later went out of office, for his act in issuing it was of an official character and in repre-

800

sentation of the sovereignty of the state. In Restive v. Clark, 90 F.(2d) 847, we had a similar question under consideration. It there appeared that W. N. Doak, Secretary of Labor, through his Assistant Secretary, Snyder, on the 17th day of June, 1931, issued his official warrant for the deportation of an alien; that, thereafter, for some reason the execution of the warrant was stayed and the bail of the alien canceled; that, when the time for its execution arrived, the term of service of Mr. Doak, as Secretary of Labor, had expired (March 4, 1933) due to a change of administration. And this court held that "the fact that Mr. Doak ceased to be Secretary of Labor on March 4, 1933, did not affect the warrant and order of deportation" of June 17, 1931; the stay having been removed.

The judgment or order of the District Court is affirmed.