**BLOCK v. SASSAMAN et al.**
**No. 32 Civ.**

District Court, D. Minnesota, Third Division.
Feb. 9, 1939.

Raymond F. Schroeder, of St. Paul, Minn., for plaintiff.

George A. Heisey, Asst. U. S. Atty., of St. Paul, Minn., for defendants.

SULLIVAN, District Judge.

The plaintiff is a former employee in the Works Progress Administration. The defendants are likewise employees of that Administration.

The pertinent allegations of the complaint herein set out in substance that the defendants were at all material times mentioned therein, employees and administrative officers of the Works Progress Administration, actively employed in the management, direction, supervision and administration of that Administration; that the plaintiff was employed by the Works Progress Administration until December, 1936, and that thereafter she was rejected for employment; that the defendants, through a conspiracy among them, maliciously and falsely made an employment record of the plaintiff setting forth that she was quarrelsome and mentally incompetent; that by reason of said employment record the plaintiff was made ineligible for work on the Works Progress Administration projects, and the plaintiff asks to be compensated for damages resulting therefrom.

The defendants move for a dismissal of the action on the ground that the complaint fails to state a claim upon which any relief can be granted.

By authority of Public Resolution No. 11, 74th Congress, approved April 8, 1935, 49 Stat. 115, also found in the notes under

15 U.S.C.A. § 728, Cumulative Annual Pocket Part, the Works Progress Administration was established by Executive Order of the President numbered 7034, dated May 6, 1935, and funds are and have been allotted to the Works Progress Administration from time to time by the President of the United States out of annual appropriations made by the various Emergency Relief Appropriation Acts.

The question raised by the motion of the defendants is: Assuming that the defendants as such officials were actuated by improper motives, are they responsive in a court of law for acts done by them in the performance of their official duties?

■ It is specifically alleged in the complaint that the acts complained of were performed by the defendants in the course of their official duties. The sole and primary purpose of the various Emergency Relief Appropriation Acts and the Executive Orders of the President made in connection therewith, is to give employment to persons requiring relief, and involves a "work relief program." Executive Order of the President numbered 7060, dated June 5, 1935, prescribes rules and regulations relating to the procedure for the employment of workers and generally provides (1) that persons who are registered with employment offices designated by the United States Employment Service and who are receiving public relief shall be eligible for employment on W. P. A. projects, and (2) that only persons certified for assignment to work by the United States Employment Service shall be employed on such projects. Section 7 of this Executive Order provides in substance that persons who are certified for assignment to work shall be accepted or rejected by those having responsibility for the management of such employment solely on the basis of their fitness to perform the assigned tasks, and shall not be discriminated against on any other ground.

■ ■ From the complaint, it appears that the plaintiff was a needy person properly certified for assignment to work. However, this fact alone does not entitle the plaintiff to employment. She must have been fitted to perform the assigned tasks. The defendants had the responsibility for the management of such employment, and necessarily in connection therewith were required to determine the fitness of the plaintiff for the task. The Executive Order prohibits discrimination on any ground, save and except fitness, but makes fitness a qualification, and requires that it be considered by the executive officers of the Administration in selecting employees.

In any organization, private or public, it seems imperative that the employment record of persons employed therein should be kept and maintained. The employment record of plaintiff, as kept by these defendants, shows that the plaintiff was not fitted for the type of work to which she was assigned. While the activities of the Works Progress Administration result in what has been commonly known as "made work", the appropriations to sustain the same are not grants for direct relief purposes, but are made for the purpose of furnishing employment to needy and qualified persons with the intention that remuneration is to be given to those who render an actual service in their employment.

The plaintiff contends that her employment record was not made up honestly by the defendants, but that the defendants maliciously and falsely furnished information which was incorporated in said employment record. It is not contended by the plaintiff that the matters complained of were beyond the authority of the defendants, but it is conceded by the allegations of the complaint that the acts complained of were done in the course of the defendants' duties as executive officers and agents of the Works Progress Administration.

■ Public policy requires that officers and agents of the government, in connection with matters arising from the performance of their official duties, shall not be held responsive to suits or claims arising from their actions. An officer of the government should be permitted freedom of activity when engaged in the discharge of his official duties, so that in the end the government will receive an administration of his office which will be untrammeled by fear of suit, in a court of law, for damages. The interests of the public require that due protection be given to officers in respect to their official duties and acts. The very matter under consideration—the development of the employment record of the plaintiff—comprehends the exercise of the judgment and discretion of these defendants, who were in charge of the employment records of all employees. Offi-

cers in the status of these defendants should not be under any apprehension that the motives which control their actions may at some time subject them to a suit for damages. Such apprehension would seriously interfere with a fearless and effective administration of the office. See Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780.

False and malicious statements made under the guise of official duty are condemned, but on the other hand, public policy and the public good require that official duties be performed without restraint, and that the motives underlying the performance of such official duties in matters of the kind under consideration should not be inquired into in a proceeding in a court of law. See Anderson v. Rohrer et al., D.C.So.Dist.Fla., 3 F.Supp. 367; Harwood v. McMurtry, D.C.West.Dist.Ky., 22 F.Supp. 572; Yaselli v. Goff et al. 2 Cir., 12 F.2d 396, 56 A.L.R. 1239; Mellon v. Brewer, 57 App.D.C. 126, 18 F.2d 168, 53 A.L.R. 1519, certiorari denied, 275 U.S. 530, 48 S.Ct. 28, 72 L.Ed. 409; Lang v. Wood, 67 App.D.C. 287, 92 F.2d 211.

It is to be said further that the courts should not supervise the actions of the various departments of the government in hiring and discharging its employees in the absence of specific provisions in the law to the contrary. The courts, in the absence of statute, have no such power. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774.

In the present case, "fitness" was a requirement for employment. The defendants, as executive officers of the Works Progress Administration, were in charge of employment. They were required to use judgment in their selections of employees, insofar as "fitness" was a requirement, and if the defendants, from their observations of the plaintiff in the performance of their official duties, found that the plaintiff did not meet the requirements of "fitness" for employment, they had the power and right to make such entries as their judgment dictated in the employment record of the plaintiff, and to take her name off the rolls of those eligible for employment on Works Progress Administration activities.

The motion of the defendants should be, and is hereby granted.