Walter L. Bruington and Ralph C. Barrow, both of Beverly Hills, Cal., for appellee.

Before STEPHENS, BONE, and ORR, Circuit Judges.

## PLOMB TOOL CO. v. FAYETTE R. PLUMB, Inc.

### No. 12101.

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1949.

STEPHENS, Circuit Judge.

Both parties to the above case are manufacturers of tools, and the plaintiff brought an action in the district court to enjoin the defendant from certain uses of the word "Plomb" in the making and marketing of such tools. The litigation resulted in a consent decree being made and entered against defendant under and out of which an injunction was decreed in which defendant was enjoined from certain defined uses of the word "Plomb."

Thereafter the plaintiff petitioned for relief by the same court for alleged violations of the injunction to which reference has just been made and for a judgment of contempt of court against defendant for such violations. Plaintiff also sought an accounting and allowance of costs and attorney fees. After hearing, the court granted the petition and appointed a special master to take evidence on plaintiff's loss of profits and damages caused by the violation of the injunction. Thereafter defendant made a motion to the district court, based upon the papers in the case and affidavits, petitioning " * * * the Court for an order suspending and staying, pending the appeal herein and upon such terms as the court may see fit to impose, the enforcement of those certain portions of that certain Order (granting motion to hold defendant in contempt; denying motion for modification; appointing special master; awarding certain profits, costs and attorney's fees to plaintiff; requiring certain acts of defendant as therein set forth), entered by the District Court of the United States in and for the Southern District of California, Central Division, on November 16, 1948 (being the order appealed from herein) reading as follows:

" '3. The defendant is ordered forthwith to comply with the decree granted by this court on March 24, 1947, by ceasing to print, mark, stamp or otherwise place on or affix to hand tools and to labels, containers, packages, receptacles, display boards and decals for use on or in connection with such hand tools and to cease advertising the word "Plomb" and all symbols or devices suggestive of such word, both when used alone and when used in conjunction with other words, letters, phrases, symbols, and devices and whether or not in the expression "Plomb Tool Company" in any way to indicate the name, identity or source of origin of hand tools of the defendant.

" '4. The defendant is ordered forthwith to comply with said decree by ceasing to deal in, sell, manufacture and advertise files, hammers and other tools the same as or similar to those listed in plaintiff's catalogue number 41, so long as the defendant uses the word "Plomb" as a trade-mark or otherwise and whether in its corporate title or otherwise and so long as the plaintiff uses the word "Plumb" as a trade-mark or otherwise and whether in its corporate title or otherwise.

· " '5. The defendant is ordered forthwith to comply with said decree by causing its officers and employees to stop dealing in, selling, manufacturing and advertising hammers, files, and other tools the same as or similar to those listed in plaintiff's catalogue number 41, so long as such officer or employee is an officer or employee of defendant and the defendant uses the word "Plomb" as a trade-mark or otherwise and whether in its corporate title or otherwise and the plaintiff uses the word "Plumb" as a trade-mark or otherwise and whether in its corporate title or otherwise.'

"The decree referred to in said Paragraphs 3, 4 and 5 of said orders is that certain consent decree entered by said District Court on March 24, 1947, a certified copy of which is set forth in the record filed herewith.

"Said motion is made on the following grounds:

"1. The granting of such an order is in the interests of justice and will preserve the status quo pending the appeal.

"2. If said order be not granted, appellant will be deprived of the benefits of its right of appeal." The petition was denied.

The defendant has appealed from the judgment of contempt to this United States Court of Appeals and has petitioned this court to grant the stay order petitioned for in the district court which was denied by that court. The petition for the stay order has been submitted to us for decision.

■ We cannot consider the petition for a stay order unless the judgment of contempt is appealable. Such judgment, in our opinion, is interlocutory in nature and is not appealable unless it can be said that it grants or continues an injunction against defendants. 28 U.S.C.A. § 227 [now § 1292]; Smith v. Vulcan Iron Works, 165 U.S. 518, 17 S.Ct. 407, 41 L.Ed. 810.

■ It appears that the district court in its judgment of contempt extended and enlarged upon the judgment entered under

and out of the consent decree heretofore mentioned and that in the interests of justice, Rule 62(g) Federal Rules of Civil Procedure, 28 U.S.C.A., and to preserve defendant's benefits and fruits of appeal and to preserve this court's appellate jurisdiction, this court orders stayed until further order of this court, enforcement of that part of the district court's order hereinbefore quoted, wherein, only, it appears to enlarge and extend the original injunction and conditioned upon defendant's giving and having approved a bond in the sum of $50,000.00 to answer for loss of profits, damages and costs.