## SPECTOR v. LANDON.
### No. 13249.

United States Court of Appeals
Ninth Circuit.

Jan. 8, 1954.

Margolis & McTernan, John W. Porter, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief, Criminal Division, Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HEALY, BONE, and ORR, Circuit Judges.

HEALY, Circuit Judge.

This suit is for a judgment declaring that an outstanding warrant for the deportation of appellant, plaintiff below, is without force and for an injunction restraining appellee, District Director of the Immigration Service, from proceeding against him under the warrant pursuant to § 23 of the Internal Security Act of 1950, 8 U.S.C.A. § 156.*  After

* Now Immigration and Nationality Act, 8 U.S.C.A. §§ 1251–1254.

joinder of issue, summary judgment was granted in favor of appellee on the latter's motion. The argument in support of the relief asked by appellant is that before the effective date of the amendments made by the Internal Security Act of 1950 to section 20 of the Immigration Act of 1917 the deportation order had spent its force or become *functus officio* by virtue of unexcused lapse of time.

The facts are not in dispute. Appellant Spector is a native of Odessa, Russia, where he was born in 1895. He departed from Odessa in 1913, embarking at Trieste, Austria, and was admitted to the United States on August 27 of that year. He has since lived in the United States, most of the time in California. He married a fellow immigrant, and there is one child as issue of the marriage, a daughter, who herself is the wife of an American citizen. In 1928 the Secretary of Labor initiated deportation proceedings culminating on August 23, 1930, in the issuance of a warrant for appellant's deportation to Russia, via Shanghai, China, on the ground that he had been found in the United States in violation of the Act of October 16, 1918, as amended, 8 U.S.C.A. § 137.† Specifically, the findings of the Secretary were that Spector believes in, advises, advocates or teaches the overthrow by force or violence of the government of the United States, and that he is a member of an organization or group so advising, advocating or teaching. Upon the establishment of diplomatic relations between the United States and the Soviet Union in November of 1933 the Commissioner of Immigration and Naturalization sought to obtain permission from the Soviet Union for appellant's deportation to that country. The request was refused. After the initial refusal, appellant's case, with others, was presented a second time to the Soviet authorities without success. Following the establishment of an allied military government in Trieste as an outgrowth of the Second World War, the Commissioner attempted to obtain permission for appellant's deportation to that place as his port of embarkation. In April of 1948 permission was refused, and in August of the same year another attempt was made to obtain permission for his deportation to Trieste, again without success. At all times appellant has remained at liberty on his own recognizance, except that in March 1950 he was required to post a bond for his appearance in deportation proceedings.

No cases have been found by counsel holding that a deportation warrant becomes invalid or unenforceable through mere lapse of time, or for that matter because of dilatory conduct or laches on the part of the immigration authorities in effecting a deportation. There are a number of decisions in habeas corpus to the effect that the right to hold the alien in custody under a deportation warrant persists for no more than a reasonable period. See, for example, United States ex rel. Janavaris v. Nicolls, D.C., 47 F.Supp. 201; United States ex rel. Ross v. Wallis, 2 Cir., 279 F. 401; Bauer v. Watkins, 2 Cir., 171 F.2d 492; United States ex rel. Doukas v. Wiley, 7 Cir., 160 F.2d 92. But such holdings lend no color to the contention made here. This court, in Caranica v. Nagle, 9 Cir., 28 F.2d 955, 957, observed that "the utmost the courts can or will do is to discharge the appellant from further imprisonment if the government fails to execute the order of deportation within a reasonable time." While it appears that the government was diligent in its attempt to effect deportation in the present instance and that it resorted to all measures permitted by the law as it existed prior to 1950, that fact would seem to be unimportant. It is not thought that dilatoriness or laches on the part of the authorities in the execution of the warrant would be regarded as of consequence unless the person affected is shown to have been prejudiced thereby. Obviously the delay in

---

† Now Immigration and Nationality Act, 8 U.S.C.A. §§ 1101, 1182.

effecting appellant's deportation operated to his advantage rather than the reverse. Cf. Restivo v. Clark, 1 Cir., 90 F.2d 847, 851. He has been permitted to remain in the United States, has been free to go where he would and to enjoy such material advantages as the country affords to its own citizens. Nor does he appear to have abandoned the attitude or activities which brought about the deportation proceedings instituted in 1928.

 We may add that Congress appears not to have been of opinion that the Spector or other outstanding warrants had lost their effectiveness as of the time of the adoption of the Internal Security Act of 1950, which contains provisions designed to expedite the deportation of aliens. In the report on the proposed legislation specific reference was made, among others, to Spector's case as one of those with which the government was unable to cope under existing law.[1] Undoubtedly it was the intent of Congress to make the new legislation applicable in the case of existing unexecuted warrants. See opening sentence of § 156(b) of 8 U.S.C.A.

Apparently as an alternative to his claim for outright reversal appellant asks that the judgment below be set aside and his action dismissed as premature. The suggestion is predicated on the following circumstances which we will notice briefly. Prior to the commencement of the action appellant had been indicted on charges, among others, of violating the 1950 legislation, 8 U.S. C.A. § 156(c). The charges under this section were dismissed by the district court, and on direct appeal to the Supreme Court the judgment of dismissal was reversed. United States v. Spector, 343 U.S. 169, 72 S.Ct. 591, 593, 96 L.Ed. 863. In the course of its opinion the Court reserved a question, not raised below, but that had been pressed upon appeal to the effect that the statute must be declared unconstitutional "because it affords a defendant no opportunity to have the court which tries him pass on the validity of the order of deportation." Appellant urges, in effect, that the opinion strongly indicates that a review will be available to him of the validity of the warrant on his trial in the criminal case, hence the determination of the appeal here is no longer either necessary or appropriate. However, appellant has not in the suit before us, or apparently in any other action, sought a review of the administrative procedures upon which the warrant of deportation is based. He has made no contention that the warrant was void ad initio for infirmities in the administrative proceeding, but only that it has become ineffective or void because of the delay in execution. This does not at all appear to be the problem which was troubling the Court or the dissenting justices in Spector, supra. The question appellant has actually raised in his declaratory judgment suit is one eminently suitable for determination in that type of action, and we see no reason why the merits of the question should not be disposed of here, or how its present disposition will unjustly prejudice appellant.

The judgment is affirmed.

1. See Senate Report No. 2239, 81st Cong., 2nd Sess.