**UNITED STATES of America,
Appellee,**

v.

**Razmik Levon DEKERMENJIAN,
Appellant.**

**No. 74–2452.**

United States Court of Appeals,
Ninth Circuit.

Dec. 23, 1974.

Michael D. Nasatir, Beverly Hills, Cal., for appellant.

Ronald Muntean, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY and WALLACE, Circuit Judges, and TURRENTINE,* District Judge.

OPINION

ELY, Circuit Judge:

Dekermenjian, an alien, was convicted of having illegally reentered the United States after having previously been deported. 8 U.S.C. § 1326.

Urging reversal Dekermenjian advances four arguments. The most significant pertains to his claim that his original deportation Order was invalid, thus raising the issue as to whether such an Order can be attacked collaterally in the defense of a charge of having violated 8 U.S.C. § 1326. The Supreme Court has expressly reserved a resolution of this issue. See United States v. Spector, 343 U.S. 169, 72 S.Ct. 591, 96 L.Ed. 863, reh. denied 343 U.S. 951, 72 S.Ct. 1040, 96 L.Ed. 1353 (1952). Decisions of certain Courts of Appeals are in conflict. The Fifth and Tenth Circuits have held that an alien may not, in a criminal action such as here, attack the validity of a prior deportation Order that is regular on its face. United States v. Gonzalez-Parra, 438 F.2d 694 (5th Cir.), cert. denied 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971); Arriaga-Ramirez v. United States, 325 F.2d 857 (10th Cir. 1963). The Courts of Appeals for the Third and Seventh Circuits disagree, reading the word "deported" in 8 U.S.C. § 1326 as meaning "deported according to law." United States v. Bowles, 331 F.2d 742, 749 (3d Cir. 1964); United States v. Heikkinen, 240 F.2d 94, 99 (7th Cir. 1957), rev'd on other grounds, 355 U.S. 273, 78 S.Ct. 299, 2 L.Ed.2d 264 (1958); United States v. Heikkinen, 221 F.2d 890, 892 (7th Cir. 1955).

* Honorable Howard B. Turrentine, United States District Judge, San Diego, California, sitting by designation.

The pertinent law in our Circuit appears unclear. In United States v. Palmer, 458 F.2d 663 (9th Cir. 1972), we held that a collateral attack upon a deportation Order had no merit, but we failed to discuss the basic question of whether the alien had a right to mount a collateral attack. *Cf.* Pena-Cabanillas v. United States, 394 F.2d 785 (9th Cir. 1968), wherein, at 789, we cited the Third Circuit's *Bowles* opinion, *supra,* which, as we have above mentioned, upholds such a right. *Cf.* United States v. Osuna-Picos, 443 F.2d 907 (9th Cir. 1971) (per curiam), in which, again without discussing the propriety of a collateral attack, we reversed a § 1326 conviction because the underlying deportation order had been based on an Attorney General's decision that our Court had overruled.

 While we have thought it desirable to emphasize the conflict and to cite the most relevant authority, we have at the same time concluded that it is unnecessary, in the circumstances of this particular case, to issue a definitive ruling on the principle question above discussed. Even should we adopt the rule of the Third and Seventh Circuits, the holding would be of no benefit to Dekermenjian. We find no irregularity in the deportation Order that Dekermenjian claimed to be invalid. It is contended that certain records and memoranda of the Immigration and Naturalization Service were improperly received as evidence in the trial from which this appeal is taken. The claim has no merit, since the documents clearly constituted admissible evidence under the Business Records Act. 28 U.S.C. § 1732. It is not necessary, as Dekermenjian argues, that such records should be admissible only if there is a statutory requirement that the Service retain specific types of records. The fact that such records were regularly and routinely kept suffices.[1]

The alien complains that the deportation hearing was held in his absence. This is true, but the record discloses that both he and his representative had been kept fully aware of the deportation proceedings and had been given correct information as to the date of the deportation hearing. When one voluntarily chooses not to attend a deportation hearing which may affect him adversely, he is hardly in a position to complain that an Order made pursuant to the hearing is invalid because of his absence.

Finally, it is argued that the deportation Order in question was invalidated because of a thirteen-month delay in its execution. This argument is undermined by Spector v. Landon, 209 F.2d 481 (9th Cir. 1954).

Affirmed.

---

1. Neither party cites 28 U.S.C. § 1733, but it appears that the documents would have been properly admissible under that statute also.