Jae Myung LEE, Jung Sook Lee, Hee Jung Lee, Petitioners,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

No. 81-7204.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 2, 1982.

Decided Aug. 26, 1982.

James T. Stroud, Rezac, Stroud & Suhr, Los Angeles, Cal., for petitioners.

Katherine V. Tooks, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before ELY, GOODWIN, and WALLACE, Circuit Judges.

PER CURIAM:

The Lees petition for review of a Board of Immigration Appeals (BIA) decision finding them deportable because of a fraudulent labor certification. We dismiss the petition for want of jurisdiction because the petition for review in this court was untimely filed.

The BIA's dismissal of petitioners' appeal from the Immigration Judge's deportation order was dated June 27, 1980. The Lees' petition for review in this court, filed April 3, 1981, was clearly untimely under 8 U.S.C. § 1105a(a)(1), which provides that a petition for review may be filed not later than six months from the date of the final deportation order. This requirement is mandatory and jurisdictional. *See Chudschevid v. INS*, 641 F.2d 780, 783–84 (9th Cir. 1981); *Loza-Bedoya v. INS*, 410 F.2d 343, 345–46 (9th Cir. 1969).

Petitioners contend, however, that the appeal is nevertheless timely because the BIA failed properly to serve a copy of the decision on them as required by 8 C.F.R. §§ 3.1(f), 292.5(a), and because they did not

learn of the BIA's decision until March 16, 1981. The record shows, however, that the BIA mailed a copy of its decision to the address of record for petitioners' attorney and that the Post Office returned the decision indicating that the attorney had moved. Petitioners' attorney had notified the Deportation Branch of the Immigration and Naturalization Service (INS) of his change of address in January 1980, but he never notified the BIA of his new address.

We are satisfied that the BIA complied with the requirements of 8 C.F.R. §§ 3.1(f), 292.5(a). The notification by petitioners' attorney to the INS was insufficient to constitute notification to the BIA that his address had changed. The BIA is a quasi-judicial body independent of the INS, established by the United States Attorney General under 8 C.F.R. § 3.1 to adjudicate cases brought before it. *See Mehta v. INS*, 574 F.2d 701, 705 (2d Cir. 1978). Petitioners' attorney should have undertaken the minimal effort necessary to notify the BIA, a tribunal separate from and independent of the INS, petitioners' adversary in this case, of his correct address.

The petition for review is hereby dismissed for want of jurisdiction.