**TRIBAL VILLAGE OF AKUTAN; Tribal Village of Togiak, a federally recognized Tribe; the Tribal Village of Nelson Lagoon, a federally recognized Tribe; Steve Cowper; Governor of Alaska, et al., Plaintiffs–Appellants,**

v.

**Donald HODEL, Secretary of the Interior; and United States Department of the Interior; Defendants–Appellees,**

**Amoco Production Company; Arco Alaska, Inc.; Chevron USA, Inc., et al.; International Association of Geophysical Contractors, Defendant–Intervenors/Appellees.**

Nos. 88–3610, 88–3703 and 88–3729.

United States Court of Appeals, Ninth Circuit.

Oct. 5, 1988.

See also, 9th Cir., 859 F.2d 651.

Carol H. Daniel, Alaska Legal Services Corp., Eric Smith, Anchorage, Alaska, Gary I. Amendola, Asst. Atty. Gen., State of Alaska, for plaintiffs-appellants.

Jacques B. Gelin, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

E. Edward Bruce, Covington & Burling, Washington, D.C., Carl J.D. Bauman, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, Nathan S. Bergerbest, Doyle & Savit, Washington, D.C., Cathy Dobbs, Dobbs, Berger, Molinari, Casalnuovo, Vannelli & Nadel, San Francisco, Cal., for intervenors-appellees.

John A. Saurenman, Deputy Atty. Gen., State of Cal., Kathleen A. Weeks, Pacific Legal Foundation, Sacramento, Cal., for amici.

Before TANG, KOZINSKI and THOMPSON, Circuit Judges.

## ORDER

The Secretary and other appellees have requested us to dissolve the district court's injunction preventing the Secretary of the Interior and the Director of the Minerals Management Service from conducting Lease Sale 92. *Tribal Village of Akutan v. Hodel*, Nos. A85-701, J85-037, J85-038 (D.Alaska Mar. 15, 1988) (injunction pending appeal). We construe appellees' request as a motion to stay the injunction pending remand to the district court, which may then vacate the injunction in light of our opinion. We have the power to "suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." Fed.R. Civ.Proc. 62(g). This rule, along with Rule 62(c), "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." C. Wright & A. Miller, 11 *Federal Practice and Procedure*, § 2904 at 315 (1973). *See also Plomb Tool Co. v. Fayette R. Plumb Inc.*, 171 F.2d 945 (9th Cir.1948).

In determining whether to stay the injunction, we apply the standard employed by district courts when considering a motion for a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983). In this circuit, to meet the criteria for preliminary injunctive relief, the moving party must demonstrate "either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Los Angeles Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1201 (9th Cir.1980). The court may also consider the public interest in certain cases. *Id.* at 1200.

In granting appellants' motion for an injunction pending appeal, the district court determined that the case presented "close and troubling questions," and that we would be likely to issue an injunction if appellants prevailed on one of their claims. Furthermore, the district court concluded that the balance of irreparable injury and the public interest tilted "by a small degree" in favor of the appellants, as the

significant costs of delay suffered by the appellees were subordinate to the policies of NEPA, OCSLA and ESA. *Tribal Village of Akutan v. Hodel,* No. A85–701, J85–037, J85–038 (D.Alaska Mar. 15, 1988), at 3, 5.

 Our analysis of the same factors leads us to a different result at this stage of the proceedings. We have ruled in favor of the appellees on the merits. *Tribal Village of Akutan v. Hodel,* 859 F.2d 651 (9th Cir.1988). Appellees have also shown that the balance of hardships now tips in their favor. According to appellees, if the present injunction is left in effect through the fall, preliminary activities will probably be delayed until Spring 1989, and exploratory drilling will not begin until Spring 1990. The injunction has already delayed exploration in the area for two years; the cost of another year's delay would not be recoverable. By contrast, appellants will suffer no hardship if the injunction is lifted, as none of the activities of the lease sale stage results in harm to the environment. Proceeding with the preliminary activities will make more data available for evaluating the risks of environmental harm at the next phase of oil development. As no danger to the environment stems from the lease sale stage, the public interest in favor of developing oil and gas reserves also weighs on the side of lifting the injunction.

Because appellees have prevailed on the merits and the balance of hardships clearly tips in their favor, we grant a stay of the injunction pending remand to the district court.