988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herminio Agkis MATA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70576.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aef-mmu-pze.
 BIA
 DISMISSED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herminio Agkis Mata, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision holding that Mata's departure from the United States terminated his appeal. We dismiss Mata's petition for lack jurisdiction.
 
 
 3
 "[A] petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order...." 8 U.S.C. § 1105(a)(1). This filing deadline is "mandatory and jurisdictional." Lee v. INS, 685 F.2d 343, 343 (9th Cir.1982) (per curiam).
 
 
 4
 Here, Mata's final order of deportation was issued by the BIA on May 19, 1992. His petition for review was filed with this court 93 days later, on August 20, 1992. Accordingly, because Mata's petition is untimely, we dismiss his appeal for lack of jurisdiction. See id.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3