990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco Javier ECHEVERRI-PEREZ, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70218.
 United States Court of Appeals, Ninth Circuit.
 Argued June 5, 1992.
Withdrawn from Submission Oct. 20, 1992.
Resubmitted March 18, 1993.
Decided March 25, 1993.
 
 1
 Before: D.W. NELSON, THOMPSON, Circuit Judges, and PRO, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Francisco Javier Echeverri-Perez ("Echeverri-Perez") appeals an affirmance by the Bureau of Immigration Appeals ("BIA") of a deportation order. Echeverri-Perez claims that the order is invalid because he never received notice of the deportation hearing. In June 1992, we stayed deportation and remanded this case so that an immigration judge could hear Echeverri-Perez' motion to reopen his case; this motion recently was rejected. We now affirm the deportation order, finding that Echeverri-Perez had reasonable opportunity to be present at the deportation hearing.
 
 
 4
 Echeverri-Perez is a 42-year old native of Colombia. He became a legal permanent resident of the United States in 1967, at age 19. In January of 1988, Echeverri-Perez was convicted of possession of cocaine and sentenced to two years in prison. Later that year, while in prison, the INS personally served him with an Order to Show Cause, charging him with deportability under 8 U.S.C. § 1251(a)(11). The Order indicated that Echeverri-Perez was to appear at a deportation hearing at a place and time to be determined and contained the following warning: "failure to attend the hearing ... may result in a determination being made by the Immigration Judge in your absence."
 
 
 5
 Echeverri-Perez does not deny that he received the Order to Show Cause or that he signed and dated the reverse side, which explained the consequences of failing to appear at the hearing. Indeed, when he received it, he requested an immediate hearing and gave his address as 9320 Tampa Avenue, Northridge, CA 91324. Six months later, the INS sent, by ordinary mail, a Notice of Hearing with a June 16 hearing date to Echeverri-Perez at the Tampa Avenue address he had provided. He failed to appear at the hearing and later claimed he never received the Notice of Hearing.
 
 
 6
 Relying on 8 U.S.C. § 1252(b), the INS requested that the immigration judge proceed with the hearing in absentia. That section provides, in pertinent part, that:
 
 
 7
 If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.
 
 
 8
 8 U.S.C. § 1252(b) (emphasis added). The immigration judge granted the request to proceed in absentia and found Echeverri-Perez deportable under 8 U.S.C. § 1251(a)(11). He entered a deportation order and sent notice of that order to the Tampa Avenue address.
 
 
 9
 Echeverri-Perez received this notice, immediately obtained counsel, and filed a timely appeal with the BIA. On appeal, he argued that the deportation order was invalid because he had "reasonable cause" for being absent at the deportation hearing, never having received actual notice of the hearing. He also claimed, for the same reason, that he was not given a "reasonable opportunity" to be present at the hearing.
 
 
 10
 The BIA affirmed the in absentia deportation order. It found that Echeverri-Perez had moved from the Tampa Avenue address and failed to comply with INS regulations concerning notification of change of address which provides that:
 
 
 11
 Each alien required to be registered under this title who is within the United States shall notify the Attorney General in writing of each change of address and new address within ten days from the date of such change and furnish with such notice such additional information as the Attorney General may require by regulation.
 
 
 12
 8 U.S.C. § 1305(a). The BIA concluded that Echeverri-Perez had reasonable opportunity to be present at the hearing and that he did not have reasonable cause to be absent.
 
 
 13
 On remand from this court, an immigration judge considered and denied Echeverri-Perez' motion to reopen. Without holding a hearing, the immigration judge found that Echeverri-Perez had notified the U.S. Post Office of his new address but had failed to notify the INS of this change as required by § 1305(a). He concluded that Echeverri-Perez had reasonable opportunity to attend the deportation hearing, since "notice to an alien's last known address, [sic] is considered notice to the alien."
 
 
 14
 The issue before this court is whether or not the in absentia hearing conducted pursuant to 8 U.S.C. § 1252(b) is valid in this case, where the petitioner claims he never received actual notice of the deportation hearing.[1] The hearing is invalid if Echeverri-Perez did not have a "reasonable opportunity" to be present at the hearing. 8 U.S.C. § 1252(b); see also, INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984). We review purely legal questions about the Immigration and Nationality Act de novo. Abedini v. INS, 971 F.2d 188, 190-91 (9th Cir.1992). We review factual findings in the immigration context under the substantial evidence standard. Ibid. The question before us in this case is a mixed question of law and fact which we review de novo.[2]
 
 
 15
 Resolution of the question before us hinges on the meaning of "reasonable opportunity" as it applies to this factual context. It is significant that Echeverri-Perez never received actual notice of the deportation hearing, but this fact is not determinative. In the case at bar, the actions of Echeverri-Perez himself appear to have caused the lack of notice: he gave the Tampa Avenue address as his address of record in an INS interview while in prison; he signed the Order to Show Cause, waiving his rights to "more extended notice" and acknowledging his awareness of the significance of the deportation hearing; and he moved from Northridge to Anaheim without complying with INS regulations regarding change of address, despite the fact that he was in the midst of deportation proceedings.
 
 
 16
 Where lack of notice is due to the error of the petitioner and not the fault of the INS, the appellate courts generally have found in favor of the INS.[3] The District of Columbia Circuit held in Reyes-Arias v. INS, 866 F.2d 500 (D.C.Cir.1989), that the BIA did not abuse its discretion in refusing to reopen a deportation hearing held in absentia where "the failure of communication [was] occasioned by the petitioner's own conduct." In Lee v. INS, 685 F.2d 343, 344 (9th Cir.1982), this court found invalid a petitioner's excuse that his appeal was untimely when the petitioner's attorney had moved to a new address without notifying the BIA as required. Similarly, in United States v. Dekermenjian, 508 F.2d 812, 814 (9th Cir.1974), this court upheld an in absentia deportation decision where the petitioner was fully aware of the deportation proceedings and the date of the hearing.
 
 
 17
 Given the totality of the circumstances in this case, we find that Echeverri-Perez had reasonable opportunity to appear at the deportation hearing and, therefore, that the immigration judge properly issued an in absentia deportation order.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner also argues that the INS's deportation hearing notification scheme--which allowed for notification by regular, first class mail service--denied him due process under the Fourteenth Amendment. As support for this argument, he cites 1990 amendments to the Immigration and Naturalization Act which require notification by certified mail. We do not choose to reach that constitutional question here, finding that the § 1252(b) was applied properly
 
 
 [2]
 In its brief to this court, the INS argues that whether or not Echeverri-Perez had "reasonable opportunity" to be present at the deportation is a factual question which we should review under a substantial evidence standard. We disagree; this question calls on the court to interpret the statute and apply it in a particular factual context. Thus, it is a mixed question of fact and law which merits de novo review
 
 
 [3]
 These cases all involved aliens represented by counsel at all stages of proceedings. While Echeverri-Perez did not obtain representation until after he received notice of the in absentia deportation order, this fact alone does not sufficiently distinguish this case. Here, petitioner personally was served with the Order to Show Cause while in prison, where he had recently provided INS authorities with the Tampa Avenue address. Moreover, Echeverri-Perez does not claim either that he was unaware of the nature of the deportation proceedings announced in the Order to Show Cause or that he was coerced into signing the waiver of further notice