12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Everton Gladstone WATSON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 92-70522, 92-70666.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated petitions,[1] Everton Gladstone Watson, a native and citizen of Jamaica, petitions pro se for review of (1) the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of a waiver of deportation under section 212(c) of the Immigration and Nationality Act (Act), 8 U.S.C. Sec. 1182(c), and (2) the BIA's order denying his motion to reopen deportation proceedings to submit new evidence.
 
 
 3
 We dismiss for lack of jurisdiction Watson's petition for review of the BIA's decision affirming the IJ's denial of section 212(c) relief. We grant the petition for review of the BIA's denial of the motion to reopen and remand to the BIA.
 
 
 4
 * IJ's Denial of Section 212(c) Relief
 
 
 5
 The Immigration and Naturalization Service (INS) contends that we lack jurisdiction to review the BIA's order affirming the IJ's decision because Watson's petition for review was filed more than 90 days after the decision and thus was not timely. See 8 U.S.C. Sec. 1105a(a)(1). Watson concedes that his petition for review was untimely, but contends that his former attorney never notified him of the decision; he first learned of the decision upon receiving notice to report for deportation. The requirement of a timely-filed petition is mandatory and jurisdictional. Lee v. INS, 685 F.2d 343, 343 (9th Cir.1982). Despite the alleged failings of Watson's attorney, we must dismiss the petition for review for lack of jurisdiction. See id.[2]
 
 II
 Denial of the Motion to Reopen
 
 6
 Watson's petition for review of the BIA's denial of his motion to reopen was timely. See 8 U.S.C. Sec. 1105a(a)(1). We have jurisdiction to review the denial of a motion to reopen under 8 U.S.C. Sec. 1105a(a). See Williams v. INS, 795 F.2d 738, 742 (9th Cir.1986). However, our review is limited to the BIA's denial of reopening; we may not review the underlying deportation order. Chudshevid v. INS, 641 F.2d 780, 783-84 (9th Cir.1981).
 
 
 7
 The BIA denied Watson's motion to reopen based on its conclusion that Watson could no longer establish prima facie eligibility for relief under section 212(c) of the Act. We review de novo the BIA's determination of purely legal questions regarding the requirements of the Act. Abedini v. INS, 971 F.2d 188, 190-91 (9th Cir.1992).
 
 
 8
 An applicant for relief under section 212(c) must (1) be a lawful permanent resident of the United States and (2) demonstrate seven consecutive years of lawful unrelinquished domicile. 8 U.S.C. Sec. 1182(c). The BIA, relying on Gonzales v. INS, 921 F.2d 236 (9th Cir.1990), determined that Watson's status as a lawful permanent resident ended upon entry of the BIA's decision affirming the IJ's denial of section 212(c) relief.
 
 
 9
 This court, however, overruled Gonzales in Butros v. INS, 990 F.2d 1142 (9th Cir.1993) (en banc). In Butros, we held that an alien, like Watson, who was statutorily eligible for section 212(c) relief at the time of his initial deportation hearing could seek section 212(c) relief in a motion to reopen even though the BIA had previously affirmed the IJ's denial of 212(c) relief.
 
 
 10
 Thus, the BIA erred in determining that Watson could not establish a prima facie case for relief under section 212(c).[3] Accordingly, we grant the petition for review and remand to the BIA for further consideration of Watson's motion to reopen. The order of deportation is stayed pending the BIA's decision on Watson's motion to reopen. See Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir.1988).
 
 
 11
 The petition for review in No. 92-70522 is DISMISSED. The petition for review in No. 92-70666 is GRANTED and the case is REMANDED.[4]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Pursuant to 8 U.S.C. Sec. 1105a(a)(6), whenever a petition seeks review of a final order of deportation, any review sought with respect to a motion to reopen or reconsider shall be consolidated with review of the order. See Ogio v. INS, 2 F.3d 959, 960 (9th Cir.1993)
 
 
 [2]
 Because Watson's motion to reopen was not filed with the BIA within the statutory time to appeal the BIA's order to this court, it does not toll the time in which to appeal the order. See Hyun Joon Chung v. INS, 720 F.2d 1471, 1474 (9th Cir.), cert. denied, 467 U.S. 1216 (1983)
 
 
 [3]
 The INS attempts to distinguish this petition from Butros by arguing that under Avila-Murrieta v. INS, 762 F.2d 733 (9th Cir.1985), Watson's lawful domicile terminated when he failed to timely challenge the underlying merits of his deportation order. This argument confuses the two eligibility requirements for section 212(c) relief. In Butros, we held that for purposes of eligibility for section 212(c) relief an alien's lawful permanent resident status does not change "as long as the Board may reconsider or reopen the case." Butros, 990 F.2d at 1145. We specifically declined to determine when an alien ceases to accumulate time towards the seven years of lawful domicile requirement. Butros, 990 F.2d at 1146. In this petition, we also need not make that determination because it is undisputed that Watson had satisfied the seven-year requirement before any deportation proceedings were commenced. Thus, the INS's reliance on Avila is misplaced, and Watson is eligible to seek section 212(c) relief in his motion to reopen
 
 
 [4]
 Because our disposition does not depend on anything presented for the first time in Watson's reply brief, the INS' motion to strike the reply brief is denied as moot