24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Americo Felix ECHEVARRIA-GRANZA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70482.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided April 18, 1994.
 
 Before: POOLE, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Americo Felix Echevarria-Granza petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an order of the Immigration Judge ("IJ") finding the alien deportable and denying his request for voluntary departure. He also petitions for review of the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 3
 * On July 22, 1988, the INS issued an Order to Show Cause against the petitioner, charging that he entered the United States without inspection, in violation of 8 U.S.C. Sec. 1251(a)(2).[1] On March 10, 1989, the petitioner denied the charges against him. A merit hearing was scheduled for May 23, 1989, but was continued four times[2] before being scheduled for August 16, 1989. On July 24, 1989, the IJ rescheduled the date of the deportation hearing from August 16 to August 15, and notified the parties by mail. Both the petitioner and his counsel failed to appear. The IJ held the hearing in absentia and ordered Echevarria-Granza deported to Mexico. The BIA affirmed deportability and denied a motion to reopen.
 
 II
 
 4
 Echevarria-Granza argues that he was deprived of his fifth amendment due process rights when the IJ ordered his deportation in absentia, without allowing him to present evidence and confront and cross-examine witnesses. We review due process challenges de novo. Reyes-Palacios v. United States, 836 F.2d 1154, 1155 (9th Cir.1988).
 
 
 5
 To meet the minimum requirements of due process, the government must provide reasonable notice and an opportunity to be heard. Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 542 (1985). The mere fact that a deportation hearing is held in absentia is not per se violative of due process. See United States v. Dekermenjian, 508 F.2d 812, 814 (9th Cir.1974). If the government complies with the minimum requirements of due process, an alien who is ordered deported in absentia is entitled to a rehearing only if the alien provides "reasonable cause" for the absence. See Matter of Ruiz, Int.Dec. 3116 (BIA1989); 8 U.S.C. Sec. 1252(b).
 
 
 6
 The petitioner argues he was not given reasonable notice of the rescheduled hearing because the "inordinate" number of continuances created "confusion" over the date of the hearing. The petitioner argues that the IJ therefore should have telephoned the petitioner or his counsel once it was apparent they had failed to appear. We disagree. Notice of the rescheduling was sent to the petitioner's counsel by regular mail more than three weeks before the hearing.[3] This was sufficient to meet the requirements of due process, as it was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity" to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Because we conclude that the letter gave the petitioner reasonable notice, we hold that the IJ was under no obligation to telephone the petitioner regarding the rescheduling of the hearing, either before or during the hearing.
 
 
 7
 The petitioner also has not shown any "reasonable cause" for failing to appear at the hearing. The petitioner's counsel concedes that the notice was sent to her office. She asserts that the letter did not provide her with actual notice becuase it was misfiled by a staff person. The excuse is not reasonable, as the error was by counsel, not by the court. See Lee v. INS, 685 F.2d 343, 344 (9th Cir.1982); Patel v. INS, 803 F.2d 804, 806 (5th Cir.1986).
 
 III
 
 8
 The petitioner next argues that the judge abused his discretion by failing to issue a continuance sua sponte at the deportation hearing upon realizing that the petitioner and his counsel had failed to appear.[4] The question whether to grant a continuance ordinarily rests in the sound discretion of the immigration judge and is reversed only upon a showing of clear abuse. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985).
 
 
 9
 As support for his argument, the petitioner relies entirely on Castro-Nuno v. INS, 577 F.2d 577 (9th Cir.1978) and Colindres-Aguilar v. INS, 819 F.2d 259 (9th Cir.1987). Both cases may be distinguished from this case. The alien made it clear in each case that legal representation was desired but the immigration judge neglected to ensure that counsel was present. Castro-Nuno, 577 F.2d at 579; Colindres-Aguilar, 819 F.2d at 262. The situation here is different. While it is true that counsel had appeared numerous times with Echevarria-Granza, the petitioner, unlike the aliens in Castro-Nuno and Colindres-Aguilar, never expressed his desire to have counsel at the hearing. Indeed, the petitioner did not even appear. We hold that, under these circumstances, the IJ did not impair the alien's statutory right to counsel. The IJ did not abuse his discretion by not granting a continuance sua sponte.
 
 IV
 
 10
 The petitioner argues that the record does not support the IJ's finding of deportability. The BIA dismissed the appeal, and denied the petitioner's motion to reopen, concluding that deportability was shown by "clear, convincing, and unequivocal evidence." See Woodby v. INS, 385 U.S. 276, 286 (1966). In reviewing the BIA's decision, our inquiry is limited to whether "substantial evidence" supports the BIA's conclusion. Turcios v. INS, 821 F.2d 1396, 1398 (9th Cir.1987). We may disturb the BIA's decision only if the record compels the conclusion that no reasonable mind could reach that result. See INS v. Elias-Zacharias, 112 S.Ct. 812, 815 n. 1 (1993).
 
 
 11
 Introduced into evidence were certified documents relating to petitioner's convictions of possession of a fraudulent alien registration card and false attestation, in violation of 18 U.S.C. Sec. 1546(a) and 18 U.S.C. Sec. 1546(b)(3), respectively. The record also contained a sworn statement of the petitioner stating that he was born in Mexico and entered the United States by "jump[ing] over the fence" near Nogales. The petitioner argues the evidence was "equivocal" and thus insufficient to prove alienage and deportability, because his limited command of English rendered the sworn statement "unreliable," and because he later denied alienage and deportability.
 
 
 12
 The petitioner's claim is without merit. First, he has presented no evidence supporting his claim that he did not understand the sworn statement. The allegation is conclusory. Second, the petitioner's denial of the charges does not negate the probative value of the sworn statement. We find that the record of the convictions, coupled with the sworn admissions, gave rise to a fair inference of alienage and were sufficient for a reasonable factfinder to reach a finding of deportability.
 
 
 13
 The petition for review of the BIA's decision is DENIED.
 
 
 
 *
 The panel unanimously found this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 After charges were filed against Echevarria-Granza the statute was amended; the provision is now listed under 8 U.S.C. Sec. 1251(a)(1)(B)
 
 
 [2]
 The reasons for some of the continuances are not clear from the record. The first continuance was granted due to a conflict in the IJ's schedule. The reason for the second continuance is a matter of dispute. The petitioner asserts it was done because the INS attorney could not locate the petitioner's file; the INS, however, argues that the continuance was done at the convenience of the petitioner. The reasons for the last two continuances are not clear in the record
 
 
 [3]
 In this case, the fact that notice was given to petitioner's counsel, not the petitioner itself, is immaterial, as service of notice on counsel alone will satisfy due process. See Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962)
 Congress amended the statute in 1991, requiring that written notice "of any change" in the time or place of a hearing shall be given "in person to the alien" or, if that is not practicable, given by certified mail to the alien's attorney. See 8 U.S.C. Sec. 1252b(a)(2)(A). Because this provision was not in effect during the petitioner's hearing, it is inapplicable here.
 
 
 [4]
 The applicable regulations authorize an IJ to grant only one continuance to permit an alien to obtain counsel, unless sufficient cause for more time is shown. See 8 C.F.R. Sec. 242.13; Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985)