32 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bronislaw GAWEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3622.
 United States Court of Appeals, Seventh Circuit.
 Argued April 21, 1994.
Decided Aug. 3, 1994.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals.
 
 BIA
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 In October 1993 the Board of Immigration Appeals ("Board") affirmed an immigration judge's ruling ordering that petitioner Bronislaw Gawel be deported. Gawel appeals the Board's determination.
 
 
 4
 Petitioner is a 42-year-old national and citizen of Poland. He entered the United States on June 15, 1985, on a visitor's visa that expired on December 15, 1985. Rather than returning to Poland when his visa expired, petitioner remained in this country. He resided with his sister in Chicago and worked as a mechanic and truck driver. He has a wife and son in Poland.
 
 
 5
 While on a vacation in Texas, petitioner was apprehended in August 1991 near El Paso by local police and turned over to the Border Patrol. Petitioner conceded to immigration officials in Texas that he was a Polish citizen and that he had overstayed his visa. As a result, the Immigration and Naturalization Service ("INS") issued an order to show cause on August 28, 1991, asserting that petitioner was deportable since he remained in the United States after the expiration of his visa without the permission of the INS in violation of Section 241(a)(1)(C)(i) of the Immigration and Nationality Act (8 U.S.C. Sec. 1251(a)(1)(C)(i)). Because there was no detention space available in the El Paso INS district, petitioner was released from custody on his own recognizance.
 
 
 6
 After his release, petitioner returned to Chicago. By letter mailed to his Chicago residence on September 23, 1991, he was notified that his INS hearing had been scheduled for November 12, 1991, in El Paso. The notice warned petitioner that if he failed to attend the hearing, the hearing could legally be held in his absence and an order of deportation entered against him.
 
 
 7
 At the end of September 1991, a Chicago attorney filed a notice of appearance on behalf of petitioner and moved for a change of venue to Chicago. This motion was opposed by the INS since petitioner had been detained in El Paso and had failed to "properly admit or concede alienage and had failed to state any relief from deportation for which he qualifies." On October 16, Immigration Judge Erwin denied a change of venue on the ground that petitioner was apprehended in El Paso and all witnesses to the charge of deportability were there. This decision was mailed to petitioner's Chicago attorney on October 17, 1991.
 
 
 8
 When petitioner's case was called as scheduled on November 12 in El Paso, both he and his attorney were absent. Neither petitioner nor his attorney sought a continuance or furnished any explanation for not appearing. Consequently the immigration judge found that petitioner was absent without cause and proceeded with the hearing in absentia, pursuant to 8 U.S.C. Sec. 1252(B). After the Immigration and Naturalization Service presented its case, the immigration judge determined that petitioner was deportable and that the record was devoid of any reason to accord him relief from deportation. On November 15, 1991, the immigration judge ordered the deportation of petitioner to Poland.
 
 
 9
 Petitioner filed an appeal with the Board of Immigration Appeals on November 21, 1991, claiming that the immigration judge's refusal to grant a change of venue was an abuse of discretion and a violation of due process. On October 1, 1993, the Board of Immigration Appeals affirmed the immigration judge's decision, noting that where an alien has been notified of a hearing and fails to appear, the immigration judge may conduct the hearing in his absence. The Board stated that petitioner "at the very least, had the obligation to appear for the [scheduled] hearing or obtain a continuance rather than ignore the scheduled hearing as he did."
 
 Analysis
 
 10
 We agree with the Board of Immigration Appeals that the denial of petitioner's request for a change of venue and the in absentia deportation order were not abuses of discretion or violations of due process.
 
 
 11
 The immigration judge's refusal to grant petitioner's request for a change of venue was clearly not an abuse of discretion. Under 8 C.F.R. Sec. 3.19, deportation proceedings may be transferred from the INS district in which the order to show cause was filed only when "due cause" can be shown. Factors to be considered in determining if a change of venue should be granted include administrative convenience, expeditious treatment of the case, the location of witnesses, and the cost of transporting evidence and witnesses. Matter of Valazquez, 19 I & N Dec. 377 (BIA 1986). Since Gawel refused to admit his alienage and deportability, witnesses from the El Paso INS district would have had to be called to Chicago to testify that petitioner acknowledged to them that he was a Polish citizen and that he overstayed his visitor's visa. Furthermore, this Court agrees with the government that "[i]f petitioner could afford to go to Texas on vacation, he could afford to go to Texas to attend his hearing" (Br. 16). In these circumstances, it was not an abuse of discretion not to grant a change of venue.
 
 
 12
 Nor did the immigration judge's refusal to grant a change of venue deny petitioner due process. Petitioner made no showing that a change of venue was vital to obtain counsel or to assure the presence of witnesses or that there was any evidence in Chicago to support his claim for relief from deportation. See Baires v. INS, 856 F.2d 89, 92 (9th Cir.1988). Petitioner thus failed to demonstrate that the immigration judge's refusal to change venue prejudiced his rights to a fair hearing. Cf. Patel v. INS, 803 F.2d 804, 806-807 (5th Cir.1986); Nicholas v. INS, 590 F.2d 802, 809-810 (9th Cir.1979).
 
 
 13
 Since petitioner has failed to show that the immigration judge acted improperly, the denial of deportation relief must be sustained. Petitioner was afforded a reasonable opportunity to appear at the deportation proceeding in El Paso and failed to avail himself of that opportunity. It was, therefore, appropriate for the hearing to proceed in his absence. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-1039. His failure to appear in El Paso waived his right to be present and permitted the immigration court to proceed with the hearing. Id.; United States v. Dekermenjian, 508 F.2d 812, 814 (9th Cir.1974). Moreover, since the record before the immigration judge was devoid of any apparent relief from deportation available to petitioner, the immigration judge was warranted to conclude that petitioner was deportable. Finally, because the petitioner had been in this country less than seven years when his hearing was held in 1991, he had no right to suspension of deportation under Section 244(a)(1) (8 U.S.C. Sec. 1254(a)(1)) to justify moving the hearing to Chicago.
 
 
 14
 The order of the Board of Immigration Appeals is affirmed.