87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Maria JIMENEZ-SOLORZANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70191.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1995.*
Decided June 26, 1996.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and HAGEN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner does not dispute he's been convicted of an aggravated felony within the meaning of 8 U.S.C. § 1105a(a)(1). Therefore, to be entitled to consideration of the merits of his petition for review, he had to file it not later than 30 days after the date of issuance of his final deportation order. 8 U.S.C. § 1105a(a)(1); Lee v. INS, 685 F.2d 343, 343 (9th Cir.1982). Petitioner's final deportation order was issued March 22, 1994, making the filing deadline for his petition April 21, 1994. His petition wasn't filed until April 25, however, rendering it untimely.
 
 
 4
 We note that petitioner doesn't benefit from Fed.R.App.P. 25(a), which provides that papers filed by mail are timely if the clerk receives them "within the time fixed for filing." We hold in Haroutunian v. INS, No. 94-70391, filed today, that the date on which a petition for review is actually filed is the relevant date for determining timeliness under section 1105a(a)(1), unless the petitioner shows that the clerk received the petition on an earlier date. Id. at 4 & n. 4. Here, petitioner hasn't submitted any evidence that the clerk received his petition for review on or before his April 21 filing deadline.
 
 
 5
 We also note that Petitioner doesn't benefit from Fed.R.App.P. 26(c), which provides that a party's filing deadline is extended by three days when he is required to file "within a prescribed period after service of a paper upon [him] and the paper is served by mail." We hold in Haroutunian that Rule 26(c) doesn't extend section 1105a(a)(1)'s filing deadlines, as they run from the "date of issuance" of the final deportation order, not the date of "service" of the order. Haroutunian, at 6-8.
 
 
 6
 PETITION DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3