87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Behrooz HAFEZI-HAGHANI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70095.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1996.*
Decided June 26, 1996.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and HAGEN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 1. In order to have his petition for review considered on the merits, Hafezi-Haghani was required to file it not later than 90 days after issuance of his final deportation order. 8 U.S.C. § 1105a(a)(1); Lee v. INS, 685 F.2d 343 (9th Cir.1982). Petitioner's final deportation order was issued December 3, 1993, making the filing deadline for his petition March 3, 1994. His petition wasn't received until March 4, however, rendering it untimely. See Fed.R.App.P. 25(a) (filing is timely where clerk receives papers within filing period); Fed.R.App.P. 1 & 20 (Fed.R.App.P. applicable to appeals of administrative agency orders).
 
 
 4
 2. Petitioner doesn't benefit from Fed.R.App.P. 26(c), which provides that a party's filing deadline is extended by three days when he is required to file "within a prescribed period after service of a paper upon [him] and the paper is served by mail." We hold in Haroutunian v. INS, No. 94-70391, filed today, that Rule 26(c) doesn't extend section 1105a(a)(1)'s filing deadlines, as they run from the "date of issuance" of the final deportation order, not the date of "service" of the order. Id. at 6-8.
 
 
 5
 3. Hafezi-Haghani claims that the BIA's decision was not mailed to him on December 3, 1993, and because the date of issuance is the date the letter was mailed, Haroutunian, at 3, Zaluski v. INS, 37 F.3d 72, 73 (2d Cir.1994); Karimian-Kaklaki v. INS, 997 F.2d 108, 110 (5th Cir.1993), he actually had until after March 3, 1994, to file his petition for review. Petitioner, however, presents only unsubstantiated theories to support this argument. Because the BIA's decision and the accompanying cover letter were dated December 3, 1993, we conclude that this was the date the decision was mailed, absent evidence to the contrary. See Haroutunian, at 3. Petitioner has presented none.
 
 
 6
 4. Hafezi-Haghani also argues that receipt of the BIA's decision was delayed because it was sent to his attorney's old address even though his attorney had informed the BIA of the new address. His attorney's letter, however, is addressed to "ALL INS OFFICE CLERKS." The INS is a separate body from the BIA and we cannot assume that the letter ever reached the BIA. See Lee, 685 F.2d at 344.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3