Tomas Miguel MACIAS–
RAMOS, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70151, 00–71046.
I & NS No. A71–645–493.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Sept. 25, 2001.

Before HUG, GRABER, and W.
FLETCHER, Circuit Judges.

MEMORANDUM *

■ Tomas Miguel Macias–Ramos filed a petition for review with this court on February 8, 2000. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-RA") apply to this case because the final order of deportation was filed after October 30, 1996, and the case was pending before April 1, 1997. *See Singh v. INS,* 213 F.3d 1050, 1051 n. 1 (9th Cir.2000). Under the transitional rules, the petition was untimely because it was not filed within 30 days of the November 30, 1999, decision of the Board of Immigration Appeals ("BIA") in petitioner's case. *See* IIRIRA § 309(c)(4)(C) ("[T]he petition for judicial review must be filed not later than 30 days after the date of the final order of exclusion or deportation."). Accordingly, we lack jurisdiction and must dismiss the petition for review. *See Haroutunian v. INS,* 87 F.3d 374, 375 (9th Cir.1996) ("It is well-settled that the requirement of a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

timely petition for review is mandatory and jurisdictional.").

Macias–Ramos argues that his filing should not be deemed untimely because he did not actually learn of the BIA's decision until after a second mailing of that decision on January 10, 2000, and he filed his petition for review within 30 days of that date. This argument fails because the BIA has demonstrated that it fulfilled its service requirements. The Board was required by the regulations to mail a copy of its decision to Macias–Ramos or his attorney. *See* 8 C.F.R. §§ 3.1(f), 292.5. In *Lee v. INS,* 685 F.2d 343 (9th Cir.1982), the petition for review was filed nearly ten months after the BIA's decision. We held that the Board had met its service obligations because "[t]he record shows ... that the BIA mailed a copy of its decision to the address of record for petitioners' attorney and that the Post Office returned the decision indicating that the attorney had moved." *Id.* at 344. Accordingly, the court dismissed the petition.

In the present case, the record includes a BIA transmittal letter dated November 30, 1999, the date of the BIA's decision. This letter was addressed to the INS District Counsel and to Macias–Ramos' attorney. The BIA records show that this first mailing to Macias–Ramos' attorney was returned as undeliverable. The copy sent to the District Counsel's office is date-stamped as received on December 2, 1999. The evidence is sufficient to show that the BIA met its service requirements.

■ We also note that Macias–Ramos' principal argument on the merits in his petition for review, that his expunged conviction should not count for immigration purposes, has been foreclosed by our recent decision in *Murillo–Espinoza v. INS,* 261 F.2d 771 (9th Cir.2001).

■ Macias–Ramos also filed a petition for review of the BIA's denial of his motion to reconsider and motion to reopen. We review such denials for abuse of discretion. *See Padilla–Agustin v. INS,* 21 F.3d 970, 973 (9th Cir.1994), *overruled on other grounds by Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), (motion to reconsider); *Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999) (motion to reopen). The BIA denied the motion to reconsider because it was not timely filed. This was not an abuse of discretion. Macias–Ramos first filed a motion to reconsider on February 9, 2000, but failed to include payment with this motion. Even if we use this date, the motion to reconsider was not timely because it was not filed within 30 days of the November 30, 1999, decision. *See* 8 C.F.R. 3.2(b)(2). The BIA also did not abuse its discretion in denying the motion to reopen on grounds of untimeliness. This motion was filed on April 7, 2000, more than 90 days after the November 30, 1999, decision. *See* 8 C.F.R. § 3.2(c)(2).

The consolidated petitions for review are DISMISSED.

GRABER, Circuit Judge, concurring.

I concur in all but the paragraph that suggests what the outcome should be on the merits. In my view, we should not comment on the merits when, as in this case, we lack jurisdiction.