**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIAN BIE LIM; RYANDI SISWOJO, | No. 07-71234 |
| Petitioners, | Agency Nos. A098-131-042 |
| v. | A098-131-043 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Lian Bie Lim and her husband Ryandi Siswojo, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

denying Lim's motion for reconsideration. We have jurisdiction pursuant to 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reconsider. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Lim's motion reconsider as untimely because it was filed almost eighteen months after the BIA's prior order. *See* 8 U.S.C. § 1229a(c)(6) (a motion to reconsider must be filed within 30 days after the agency's prior decision). Lim's contention that she did not receive proper mailing of the BIA's briefing schedule is unavailing because Lim did not utilize the proper change of address forms, and the certified mail receipts alone do not indicate that a change of address was mailed to the BIA. *See Lee v. INS*, 685 F.2d 343, 344 (9th Cir. 1982) (per curiam) (notification to the Immigration and Naturalization Service ("INS") did not constitute notification of an address change to the BIA because BIA is a quasi-judicial body separate and independent of the INS).

**PETITION FOR REVIEW DENIED.**